DUNCAN F. CAMERON et al., Respondents, *v.* THE NEW YORK AND MOUNT VERNON WATER COMPANY et al., Appellants.

Where, prior to May 1, 1891, the trustees of several water-works companies had entered into an agreement for consolidation, as authorized by the act of 1867 (Chap. 960, Laws of 1867, amended by chap. 374, Laws of 1877), and had called a meeting of stockholders to ratify the agreement, and served and began the publication of the required notices, *held*, that the repeal of said act by "The General Corporation Law" (Chap. 563, Laws of 1890) did not affect the proceeding; that it represented a right accruing or in process of enforcement, and so was preserved from the effect of the repeal by the saving clause in said law (§ 24), which declares that

such repeal shall not affect or impair any act done or right accruing or acquired before that date, but that the same may be asserted or enforced as fully and to the same extent as if such law had not been repealed. Reported below, 62 Hun, 269.

(Argued April 25, 1892; decided May 24, 1892.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 14, 1891, which reversed an order of Special Term denying a motion to vacate a preliminary injunction, vacated and set aside the order granting said injunction and granted the motion to vacate.

This action was brought to restrain the defendants (both individual and corporate) from making any transfer, assignment or other disposition of the capital stock of the Mount Vernon Water Company *pendente lite*, and from making or entering into any arrangement, contract or agreement for the consolidation of the three defendant corporations, or any two of them, and from making or entering into any arrangement, contract or agreement by which the management or control of the stock, rights or franchises of the New York and Mount Vernon Water Company or the Mount Vernon Water Company shall be transferred, pledged or disposed of to the defendant the New York City Suburban Water Company, etc., *pendente lite*. A preliminary injunction was granted in accordance with the prayer of the complaint, which was reversed by the General Term "for the reason, as to the New York and Mount Vernon Water Company and the New York City Suburban Water Company, that the facts established to the satisfaction of the court show that those two companies may lawfully consolidate."

*Edward T. Lovatt* for appellants. The order is appealable to this court. (*Tilton* v. *Beecher*, 59 N. Y. 177; *Tollman* v. *S. B., etc., Co.,* 92 id. 353; *Cogswell* v. *N. Y., etc., Co.,* 105 id. 319; *Anderson* v. *Anderson,* 112 id. 104.) The plaintiffs and appellants claim that, as stockholders in the New York and Mount Vernon Water Company, and the Mount Vernon Water Company, they are entitled to an injunction to prevent

those corporations, or either of them, from effecting the contemplated consolidation with the New York City and Suburban Company. (Taylor on Priv. Corp. [2d ed.] § 536; *Nowry* v. *Indianapolis*, 4 Biss. 79; *Burke* v. *Railroad*, 61 N. H. 160, 249; *Clearwater* v. *Meredith*, 1 Wall. 40, 41; *Black* v. *Raritan*, 24 N. J. Eq. 455, 483; *Beman* v. *Rufford*, 1 Sim. [N. S.] 550, 564; *Stevens* v. *Rutland*, 29 Vt. 545; *Leslie* v. *Lorillard*, 110 N. Y. 535; *Barr* v. *N. Y., L. E. & W. R. R. Co.*, 93 id. 444; *Barnes* v. *Brown*, 80 id. 528, 536; *Kent* v. *Quicksilver Co.*, 78 id. 161; *Bissell* v. *Michigan*, 22 id. 259, 289; *Dodge* v. *Woolsey*, 18 How. Pr. 331; *People* v. *N. R. S. R. Co.*, 121 id. 582.) Corporations cannot consolidate without an express statute authorizing their consolidation. (*People* v. *N. R. S. R. Co.*, 54 Hun, 367; 121 N. Y. 583, 626; *People* v. *N. Y. C. & S. L. R. R. Co.*, 42 N. Y. S. R. 94, 95; *Pierson* v. *McCurdy*, 33 Hun, 522, 523; 100 N. Y. 608; *N. Y. & S. C. Co.* v. *Fulton Bank*, 7 Wend. 412, 414, 415; *Clearwater* v. *Meredith*, 1 Wall. 39–41; *Pearce* v. *M. R. R. Co.*, 21 How. Pr. 441, 443; Angell & Ames on Corp. [11th ed.] § 272; Taylor on Priv. Corp. [2d ed.] § 419.) It is contrary to public policy for corporations which like the corporations defendant have public duties to perform, to dispose of their property or franchises to another corporation, or enter into any contract that will prevent them from performing their duties to the public. (*N. O. W. W. Co.* v. *Rivers*, 115 U. S. 674; *S. J. W. W. Co.* v. *N. Y. W. W. Co.*, 120 id. 64; *Gibbs* v. *B. G. Co.*, 130 id. 396, 408–411; *O. R. Co.* v. *O. R. Co.*, Id. 1, 22, 23; *Penn. Co.* v. *S. L. R. R. Co.*, 118 id. 290, 309; *Thomas* v. *R. R. Co.*, 101 id. 71, 83; *N. Y. & M. R. R. Co.* v. *Winans*, 17 How. [U. S.] 30, 139; *Abbott* v. *Johnstown*, 80 N. Y. 30, 31; *P. & R. I. R. R. Co.* v. *C. Co.*, 68 Ill. 489; Taylor on Priv. Corp. [2d ed.] § 305.) Since May, 1891, there is no statute authorizing the consolidation of water-works companies organized under the statutes supplemental to the General Manufacturing Act. The statutes which, prior to May 1, 1891, authorized corporations organized under the acts supplemental to the

General Manufacturing Act to consolidate have been repealed. (*In re N. Y. Inst.*, 121 N. Y. 234; Laws of 1890, chap. 564; § 7; Id. chap. 565, §§ 70, 73, 80.) Defendant has not the right to consolidate under the saving clauses contained in the Corporation Laws of 1890. (Laws of 1890, chap. 563, § 24; Id. chap. 564, § 71; Id. chap. 565, § 181; Id. chap. 566, § 161; Id. chap. 567, § 22; *People* v. *O'Brien*, 111 N. Y. 48; *Fletcher* v. *Peck*, 6 Cranch, 135; Laws of 1884, chap. 367, §§ 2, 3; Laws of 1887, chap. 960; *Gibbs* v. *B. G. L. Co.*, 130 U. S. 408; *J. C. G. L. Co.* v. *C. G. L. Co.*, 40 N. J. Eq. 427; *Riggs* v. *Palmer*, 115 N. Y. 506; *L. S. & M. S. R. Co.* v. *Roach*, 80 id. 344; *People* v. *Comrs.*, 95 id. 559; *Donaldson* v. *Wood*, 22 Wend. 397.) The notice of meeting of stockholders was only served on Cameron thirteen days before such meeting, although the statute expressly required thirty day's notice to be given to each and every stockholder. The service upon Cameron being void, it follows that all subsequent proceedings were null and void, and even if no injunction had been granted all the proceedings at the stockholders' meeting would have been absolutely void. (Laws of 1884, chap. 367, § 2; *Tuttle* v. *M. A. L. Co.*, 35 Mich. 247; *Smyth* v. *Darley*, 2 H. L. Cas. 789, 803; *Wiggin* v. *F. B. Church*, 8 Metc. 301, 312; *Rex* v. *Faversham*, 8 T. R. 356; *Rex* v. *Langhorne*, 6 N. & M. 203; *Rex* v. *May*, 5 Burr. 2682; Angell & Ames on Corp. [11th ed.] § 492; *Landers* v. *F. S. M. E. Church*, 97 N. Y. 124; *Crocker* v. *Whitney*, 71 id. 167, 168; *N. Y. F. Ins. Co.* v. *Ely*, 2 Cow. 678, 699; *People* v. *U. Ins. Co.*, 15 Johns. 357, 383.) The allegations in some of the affidavits, that the action is instigated by Mr. Crow and is prosecuted to annoy the defendants, are no answer to the plaintiffs' case. (*Coleman* v. *E. C. R. Co.*, 10 Beav. 1.)

*John B. Gleason* for respondents. The consolidation of New York and Mount Vernon Water Company and New York City Suburban Water Company is authorized by chapter 960 of the Laws of 1867 as amended by chapter 374 of the Laws of 1877. (3 R. S. [8th ed.] 1968.) The right of these

two companies to consolidate under the act of 1867 was not affected or impaired by the repeal of the act of 1867 in the Laws of 1890, chapters 563, 567. (Laws of 1890, chapter 567, §§ 22, 23.) The proposed consolidation is not condemned by section 7 of chapter 564 of the Laws of 1890. (*N. Y., L. E. & W. R. R. Co.* v. *Bd. Suprs.*, 67 How. Pr. 5; *People* v. *N. R. S. R. Co.*, 121 N. Y. 582; *Leslie* v. *Lorillard*, 110 id. 519.) The complaint contains no allegations of actual fraud upon the minority stockholders, nor any allegations from which an inference of constructive fraud can be drawn. (§ 6, chap. 85, Laws of 1880; chap. 472, Laws of 1881; chap. 483, Laws of 1883; chaps. 153, 422, Laws of 1885.) The right to supply water to the village of Mount Vernon is not a business in which all may engage of common right; it is a franchise and is not the subject of monopoly. (*N. O. G. L. Co.* v. *L. L., etc., Co.*, 115 U. S. 650–673; *N. O. W. W. Co.* v. *Rivers*, Id. 674–683; *L. G. Co.* v. *C. G. L. Co.*, Id. 683.) The fact that the plaintiff Henry Huss is a resident and taxpayer of the village of Mount Vernon does not confer any right of action upon him. (*Starin* v. *Edson*, 112 N. Y. 206; *Leslie* v. *Lor illard*, 110 id. 519.)

FINCH, J. The principal question presented is whether the defendant companies may consolidate or should be restrained from so doing. They are companies incorporated for the purpose of supplying water to the municipality and its inhabitants and their separate corporate existence is conceded. It is not denied that prior to May 1, 1891, there was competent statutory authority for the consolidation proposed (Laws of 1867, chap. 960; Laws of 1877, chap. 374), but it is insisted that the repeal of the acts which accompanied the revision of the Corporation Law took away the authority and left none in existence. (Laws of 1890, chaps. 563, 567.) By section 24 of the last-named act, it was provided that such repeal should not affect or impair any act done or right accruing, accrued or acquired before May 1, 1891, but the same may be asserted or enforced as fully and to the same extent as if such law had

not been repealed. The agreement for consolidation here assailed was made between the companies through their trustees three days before the repeal, and such officers called a stockholders' meeting to ratify the agreement and served and began the publication of the required notices. The proceeding thus commenced was regular and authorized and represented a right accruing or in process of enforcement. The acts done were not impaired by the repeal, and the rights accruing were preserved and could be asserted and enforced as fully as if no repeal had been enacted. The proceeding for a consolidation lawfully begun could be lawfully completed as if the statute had not been repealed. The contention of the appellant is that no right to consolidate accrued by the agreement of the trustees, that it could not become a fixed right or the contract of the corporations until ratified by the stockholders' meeting, and so no right accrued until after May 1, 1891, and, therefore, was not saved. That contention leaves out of view important and specific provisions of the saving clause. No act done is to be impaired. The directors' agreement is impaired and utterly annulled, if it cannot be ratified by reason of the repeal. And the protection given operates not merely upon rights accrued but also upon those accruing, those in process of enforcement, those which, though inchoate and incomplete, have been asserted and are moving on through an authorized procedure to an ultimate and final result. That was exactly this case and the proceeding for a consolidation was not affected by the repeal.

It is claimed that the plaintiff Cameron was not served with notice of the proposed agreement and of the stockholders' meeting in due season. Proof was given that the notice was mailed to him April 30, 1891. He claims not to have received it until May twenty-sixth, but produces it and it bears date April 29, 1891. There is no reason to reject the positive proof that it was mailed on April thirtieth.

The order should be affirmed, with costs.

All concur.

Order affirmed.