THE VILLAGE OF PELHAM MANOR, Appellant, *v.* THE NEW
ROCHELLE WATER COMPANY, Respondent.

The provision of that article of the Transportation Corporations Act relat-
ing to water works corporations (Art. 7, § 2, chap. 566, Laws of 1890)
which authorizes such corporations when they have obtained the permit
required by the article (§ 80) "to lay their water pipes in any street
* * * of an adjoining town or village," is not limited to cases where
an adjoining town or village intervenes between the source of supply
and the town or village to be supplied, and it is necessary, in order to
carry the water to the village or town granting the permit, to lay the
pipes in the streets of the adjoining town or village; but the authority
may be exercised by such a corporation whenever it is necessary to lay
the pipes in those streets in order to effectually and properly execute
the purpose for which it was created.

In an action to restrain defendant, a water works company, organized to
supply a village adjoining plaintiff, from using one of plaintiff's streets
in which defendant had laid its pipes without plaintiff's consent, it
appeared that defendant laid its pipes in the street for the purpose of
connecting two of its mains which terminated in "dead ends" near the
boundary line of the two villages; this connection completed the circuit,
added greatly to the pressure, and furnished running instead of stag-
nant water. The court found that in order to perform the purpose of
its incorporation it was necessary for defendant to lay its pipes in the
street in question. *Held,* that such a use of the street was within the
scope of defendant's authority; and so, that the action was not
maintainable.

Reported below, 67 Hun, 98.

(Argued October 19, 1894; decided November 27, 1894.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an
order made February 13, 1893, which affirmed a judgment in
favor of defendant entered upon a decision of the court dis-
missing the complaint on trial at Special Term.

This action was brought to restrain defendant, a corporation
organized for the purpose of supplying plaintiff with water,
from laying its water mains in the Boston Post road within
plaintiff's municipal limits.

The facts, so far as material, are stated in the opinion.

*Jabish Holmes, Jr.*, for appellant. The statute only authorized a water company to lay its, pipes in the streets of an adjoining village in order to get from its source of supply to the village to be supplied. (Laws of 1892, chap. 617; *Cameron* v. *N. Y. & M. V. W. Co.*, 133 N. Y. 366; *People* v. *Jaehne*, 103 id. 197; *Smith* v. *People*, 47 id. 336; *In re B. E. R. R. Co.*, 25 id. 444.) The construction given to the section by the court below, that defendant can use any and all of the streets of Pelham Manor simply because it adjoins New Rochelle, and that it is immaterial whether the pipe is necessary to enable defendant to get from its water works or source of supply to New Rochelle, is untenable. (*People ex rel.* v. *Newton*, 112 N. Y. 396; *People* v. *Thompson*, 98 id. 6; *Wood* v. *Lacombe*, 99 id. 49; *McGaffin* v. *City of Cohoes*, 74 id. 389; *Tracy* v. *T., etc., R. R. Co.*, 38 id. 437; *L. S. & M. S. R. Co.* v. *Roach*, 80 id. 344; *Riggs* v. *Palmer*, 115 id. 506.) Plaintiff is entitled to an injunction to restrain the illegal act of defendant. (*Davis* v. *Mayor, etc.*, 14 N. Y. 524; *Milhau* v. *Sharp*, 27 id. 611; *People* v. *Kerr*, Id. 193; *Milburn* v. *Fowler*, 27 Hun, 568; *Van Brunt* v. *Town of Flatbush*, 128 N. Y. 50; *Wheelock* v. *Noonan*, 108 id. 183; *City of Cohoes* v. *D. & H. C. Co.*, 134 id. 408; *People* v. *E. G. L. Co.*, 141 id. 238; *People* v. *T. A. R. R. Co.*, 112 id. 403; *Town of Mentz* v. *Cook*, 108 id. 504; *Ostrander* v. *Weber*, 114 id. 56; *B. S. & C. Co.* v. *D., L. & W. R. R. Co.*, 130 id. 152; *W. S. Bank* v. *Town of Solon*, 136 id. 473.)

*Martin J. Keogh* for respondent. As to public bodies and *quasi* public corporations equity will not interfere with the exercise of their lawful powers, unless the acts complained of are clearly illegal, or unless the statute under which they are acting is void, or unless irreparable loss and damage are clearly and positively established. (*P. P. & C. I. R. R. Co.* v. *Williamson*, 24 Hun, 216; *In re N. R. W. Co.*, 46 id. 552; *Village of Tarrytown* v. *P. W. W. Co.*, 15 N. Y. S. R. 816.) Where a corporation is clothed with certain powers and has

imposed upon it certain duties, with respect to any public work, and is proceeding within the scope of its authority, in good faith, a court of equity will not interfere by injunction unless it can be shown clearly and positively that irreparable loss and damage will result. (*Morgan* v. *City of Binghamton,* 102 N. Y. 500; *P. P. & C. I. R. R. Co.* v. *Williamson,* 24 Hun, 216; *Baxter* v. *S. D. R. R. Co.,* 61 Barb. 428; *Hodgkinson* v. *L. I. R. R. Co.,* 4 Edw. Ch. 411; *Davis* v. *A. Society,* 75 N. Y. 362.) The court has found that it was absolutely necessary for sanitary reasons for defendant to complete its circuit by laying its pipes through Pelhamdale avenue. The court cannot review these findings. The exceptions thereto are unavailing because they state no ground upon which the exceptions are based. (*Keogh* v. *Westervelt,* 66 N. Y. 636; *Chester* v. *Dickenson,* 54 id. 13; *Travis* v. *Travis,* 122 id. 449; *Aldridge* v. *Aldridge,* 120 id. 614; *Newell* v. *Doty,* 33 id. 83; *Ward* v. *Craig,* 87 id. 550.)

O'BRIEN, J. The equitable relief which the plaintiff sought to obtain in this action was to restrain the defendant from the use of one of the highways within the corporate limits of the plaintiff and known as the Boston Turnpike road. This highway was under the exclusive care and control of the plaintiff's board of trustees. The defendant is a corporation organized under chapter 737 of the Laws of 1873, for the purpose of supplying the village of New Rochelle with water, and it now exists under the act of its creation, which subsequently became incorporated into and a part of the general statute on this subject. (Laws of 1890, ch. 566, art. 7, § 2; *Caeron* v. *N. Y. & Mount Vernon Water Co.,* 133 N. Y. 336.) The village of Pelham Manor and the village of New Rochelle are adjoining villages, and the claim of the plaintiff is that the defendant had no power or authority to lay down its water pipes or mains in the highway in question or use it for the purpose of executing the purpose of its incorporation, without the plaintiff's permission, expressed through its constituted municipal authorities. This permis-

sion was not obtained, and if it was necessary the plaintiff had the right to protect its streets and highways from any unauthorized interference on the part of the defendant. Among the powers conferred upon the defendant by the acts of 1873 and 1890, above referred to, is the authority "to lay and maintain their pipes and hydrants for delivering and distributing water in any street, highway or public place of any town or village in which it has obtained the permit required by section 80." This provision authorized the defendant to use the streets and highways of New Rochelle, but not of any other village or town. But by another section of the act water companies are also authorized "to lay their water pipes in any streets or avenues or public places of an adjoining town or village to the town or village where such permit has been obtained."

It was under this last provision that the defendant claimed the right to occupy the highway in question. The defendant's position has been sustained by the court below, and obviously the controversy turns upon the proper construction of this statute. The contention of the plaintiff is that the statute only permits the defendant to lay its pipes in the streets of an adjoining town when it is necessary to reach the village granting the permit from the source of supply. In other words, that when an adjoining town intervenes between the source of supply and the village or town to be supplied then the company may use the streets of the adjoining village or town, but not otherwise. It is said in support of this position that the statute could not have intended that a company such as the defendant should have the right to use the streets of an adjoining town to any extent that it thought necessary unless in passing from the source of supply to the point of distribution. The defendant had no franchise to supply the plaintiff with water, and the legislature did not anticipate any abuse of the power to lay pipes in an adjoining town by a corporation that could not carry on its operations there or receive any revenue from such town or its inhabitants. The question is whether it was not the intention of the legisla-

ture to permit the defendant to do what it did when it became
necessary in order to effectively and properly execute the pur-
pose for which it was created.   The defendant was bound by
the conditions of its incorporation and by contract to supply
the village and town of New Rochelle and the inhabitants
thereof with pure and wholesome water, and the trial court
has found that in order to perform that duty it became neces-
sary to lay its pipes under the road in question.   What the
defendant did was to use the road for about five hundred feet
in order to connect two of its mains which terminated in
"dead ends" near the boundary line of the two towns.   This
connection completed the circuit and added greatly to the
pressure besides furnishing running instead of stagnant water.
So long as the defendant was without power to add to its
revenues by furnishing water to the plaintiff or any of its
inhabitants no great mischief is to be apprehended from any
extensive use of the streets by the defendant.   But the legisla-
ture evidently anticipated that a water company in perform-
ing its functions of supplying the town, and every part of it
which granted the permit, with water might, for some reason,
find it necessary to cross the boundary line of an adjoining
town and use its highways, not for the purpose of supplying
that town, but for the purpose of properly and effectively
executing the purpose of its creation.   Such necessity has been
found in this case as matter of fact by the trial court, and
hence the permission of the municipal authorities who had
charge and control of the highway was not necessary.   To
hold that the power to go into an adjoining town was limited
to cases where such town intervened between the point of
supply and distribution would be adhering too closely to a
literal or grammatical construction and would ignore the pub-
lic and beneficial purpose of the statute.   In this case it
became necessary, in order to supply New Rochelle with pure
and wholesome water, to cross the town line and use a highway
within the plaintiff's corporate limits for five hundred feet.
We think that the statute, fairly and reasonably construed, con-
ferred the power upon the defendant although the point in

the adjoining town where the extension was made did not intervene between the source of supply and the place of distribution.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.