(75 App. Div. 354.)

ATLANTIC TRUST CO. v. NEW YORK CITY SUBURBAN WATER CO.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. CORPORATIONS—ACTIONS—INTERVENTION BY STOCKHOLDER—STATUS OF INTER-
VENER.

Petitioner sought to intervene as a stockholder in a foreclosure suit against a corporation to contest the lien of the mortgage. The property had passed into the possession of another corporation, and become security for bonds held by bona fide holders. The stock plaintiff claimed to own was issued to him, but transferred more than 15 years before. Petitioner alleged that the transfer was as collateral security for notes, but the notes had never been paid. Judgment had been recovered against petitioner on one of them in an action in which he interposed the fact of such collateral by way of answer. Petitioner had never redeemed the stock certificates, and one of them had been sold, the buyer now claiming to be the owner, though petitioner claimed that the certificates had been unlawfully diverted by the assignee. Held, that the showing of petitioner's status as a stockholder was not sufficiently clear to entitle him to the relief sought.

2. SAME—LACHES.

Petitioner sought to intervene as a stockholder in a foreclosure suit against a corporation to contest the lien of the mortgage, alleging that the mortgage was given by another corporation, with which defendant subsequently consolidated, and that in the foreclosure suit the officers of the defendant collusively confessed judgment. The agreement for consolidation was made 11 years before the filing of the petition, as the result of a stockholders' meeting, of which petitioner presumably had notice. Nonassenting stockholders immediately obtained a preliminary injunction restraining the consolidation, and the question was in litigation for a year. The foreclosure judgment was obtained nearly seven years before presentation of the petition, and was followed by litigation by a stockholder based on the same facts presented in the petition. Innocent third parties had acquired rights in the mortgaged property. Petitioner alleged that he had no knowledge of the facts showing fraud

and collusion in the foreclosure action, but did not claim to have been ignorant of the consolidation, foreclosure, or litigation. *Held,* that petitioner was guilty of laches precluding the granting of the petition.

Appeal from special term, Westchester county.

Action by the Atlantic Trust Company against the New York City Suburban Water Company. Petition by George B. Inman for leave to intervene and to set aside a judgment for plaintiff. From an order denying the petition, petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Roger M. Sherman, for appellant.
J. Langdon Ward, for respondents.

HIRSCHBERG, J.   The petitioner, George B. Inman, claims to be a stockholder of the New York & Mt. Vernon Water Company, and as such has applied for, and been refused, the right to intervene in the foreclosure suit under the judgment in which the property of the corporation has been sold.   The application is made in the foreclosure action.   The mortgage foreclosed was executed by the New York City Suburban Water Company, a corporation into which the New York & Mt. Vernon Water Company was afterwards merged by consolidation; and the effect and validity of the proceedings and the nature and extent of the lien, if any, of such mortgage, upon the property so after-acquired by the consolidated company, were considered by this court in the cases of Drake v. Water Co., 26 App. Div. 499, 50 N. Y. Supp. 826, and Id., 36 App. Div. 275, 55 N. Y. Supp. 225.   The facts are fully set forth in the report of those appeals, and need not be repeated here.   Drake's action was, in substance, to have an adjudication that the mortgage was not a lien upon the property in question, that the judgment of foreclosure and sale and the consolidation proceedings be vacated and set aside as null and void, and that the defendant the New York Suburban Water Company be required to hold the property in trust for the discharge of valid liens of the New York & Mt. Vernon Water Company to be ascertained.   A judgment in the plaintiff's favor was reversed on each appeal, but without determining the question whether either the provision in the mortgage in terms subjecting any after-acquired property of the corporation to the lien of such mortgage or a similar provision in the consolidation agreement was sufficient to accomplish the purpose.   In each opinion delivered, however, a strong intimation was given by the respective writers that the lien did exist, although after the argument of the second appeal there was still some difference of opinion among the members of the court.   It is unnecessary to determine the question in disposing of the present appeal.   The petitioner has adopted the proceeding which was pointed out on the second appeal in the Drake Case as the proper remedy, but he has not shown himself so clearly entitled to the relief sought as to justify an appellate court in interfering with the disposition made of his application in the first instance.   The property has passed by vir-

tue of subsequent foreclosure proceedings into the possession of another company, and a million and a quarter dollars of bonds are outstanding in the hands of bona fide cash holders on the faith of its security, and only the clearest title in the plaintiff as an injured stockholder would justify the impairment or destruction of the value of their holdings.

The petitioner claims to be the holder and owner of 100 shares of the stock of the Mt. Vernon Company, represented by two certificates of equal amount, which were undoubtedly issued to him originally, or to the firm of which he was a member, and which stand upon the books of the company as originally issued. But it is admitted by the petitioner that more than 15 years ago he transferred both certificates to another person, although such transfers, however absolute upon the face, were, he states, only intended as collateral security to promissory notes made by him at the time, and representing money then borrowed by him. He has never redeemed the certificates; never paid the debts; judgment has been recovered against him upon one of the notes in an action in which he interposed the fact of such collateral security by way of answer; one of the certificates was sold and delivered in 1899, through a broker, to the New York Interurban Water Company, for value, which company now claims to be the lawful owner and holder; and the whereabouts of the other certificate is undisclosed. The petitioner asserts that the certificates have been unlawfully diverted by the assignee, but it would be improper to try and determine the title to the shares upon affidavits in the absence of parties who may be adverse claimants; and no authority is cited to show that one situated as he is should be granted relief so disastrous to others as that which he seeks in aid of a possible restoration of title dependent upon a remote and apparently unlikely contingency. Certainly the cases cited in his behalf have no application. Burr v. Wilcox, 22 N. Y. 551, merely holds that one to whom stock has been apportioned in a corporation is a stockholder, although no certificate has been issued to him. In Boardman v. Railway Co., 84 N. Y. 157, the plaintiff held the certificate, and the ruling was that presumption of ownership followed that fact. The court said (page 177):

"The plaintiff proved that he held a certificate of the stock; that dividends were not paid; and, as the certificate shows that the stock was to pay a dividend of 10 per cent., and there is no proof of any other stock of this description, every presumption is favorable to the theory that the stock was a part of the three million, and that the plaintiff was the lawful owner of the same."

In Re James, 144 N. Y. 6, 38 N. E. 961, the question related to taxation. The certificates were held in this state, but they represented shares in foreign corporations owned by a nonresident testator. It was held that they were not assessable under the collateral inheritance tax act. In Mahaney v. Walsh, 16 App. Div. 601, 44 N. Y. Supp. 969, it was held that, as between vendor and vendee, a delivery of stock sold was not necessary in order to pass the title. These are all the cases cited on the appellant's brief in

support of the contention that the inability to produce the stock
certificates in no respect impairs his right to the relief prayed for,
and it is evident that none of them is authority for the proposition
involved.

But aside from the status of the petitioner as a stockholder, he
has not satisfactorily explained his delay in making the application.
The petition is chiefly based upon the allegation that in the fore-
closure suit the officers of the defendant, in violation of their duty,
"illegally, falsely, in bad faith, and in collusion with the plaintiff,
admitted all the allegations of the complaint herein, and confessed
judgment, whereby, and not otherwise, the judgment of foreclosure
herein was obtained." This allegation is predicated upon others to
the effect that the mortgage foreclosed was not a lien upon the
property of the New York & Mt. Vernon Water Company; that
no property of the corporation executing the mortgage ever came
into the possession, ownership, and control of the defendant; that
no property affected by the foreclosure judgment ever was the prop-
erty of the mortgagor; and that "when this action was commenced
it became and was the duty of the officers of the defendant to deny
the allegations that the defendant executed said mortgage, that its
property was in any wise bound thereby, and that it had suffered
any default or incurred any liability by reason of any default in pay-
ment of interest of the bonds secured by said mortgage or other-
wise." The petition was verified on February 7, 1902, and the rea-
son for the delay is stated as follows:

"Your petitioner has had no knowledge or means of knowledge of the
facts aforesaid, constituting a breach of duty and collusion in the foreclosure
herein, until recently, and has been prevented from sooner seeking redress in
respect thereto by that fact and his necessary absence from the state
of New York upon his usual avocations, which are those of an engineer and
contractor, and which take him to remove places in various parts of the
United States. He has been in possession of sufficient facts and evidence
to substantiate the averments herein alleged upon information and belief
for not over two weeks."

The petitioner had abundant means of knowledge of the material
facts for many years, and, if he had no actual knowledge, it is diffi-
cult to account for it upon any other theory than personal indiffer-
ence. The agreement for consolidation was ratified at a stockhold-
ers' meeting in June, 1891, of which meeting he, as a stockholder of
record, must have received the notice required by law. On behalf
of certain nonassenting stockholders a preliminary injunction was at
once obtained restraining the contemplated action, and for nearly
a year the question was in litigation, until its validity was finally
established in the court of appeals in May, 1892, by the decision in
Cameron v. Water Co., 133 N. Y. 336, 31 N. E. 104. The consoli-
dation was consummated in the following month. The judgment of
foreclosure and sale was entered nearly seven years before the presen-
tation of the present petition, and has been a matter of record ac-
cessible to the petitioner and his attorneys during that entire period.
The Drake litigation followed, and lasted several years, was based
upon the allegations now presented, and twice terminated at the

circuit in an adjudication favoring the petitioner's contention. More than three years have expired since the second decision in that case in this court holding that the foreclosure judgment was subject to such an application by nonassenting stockholders as the petitioner has now made. And the petitioner does not allege that he had no knowledge of the fact, or of the terms of the consolidation, of the fact of the foreclosure and sale, of the successive ownerships of the property, of the subsequent foreclosure and sale, and of the protracted lawsuits referred to, the claims and defenses involved, and the results attained. Under these circumstances it was certainly a proper exercise of discretion to refuse the petitioner's application where the rights of innocent third parties have been permitted to intervene by his neglect. Warren v. Stone Co., 74 Hun, 304, 26 N. Y. Supp. 649; Kent v. Mining Co., 78 N. Y. 159, 184. As was said by Mr. Justice Cullen in Drake v. Water Co., 36 App. Div., at page 279, 55 N. Y. Supp. 227:

"The plaintiff, or his predecessor in the ownership of the stock, had ample remedy in the foreclosure suit. There is no proof that either was ignorant of the prosecution of that suit. If he thought that there was a valid defense to the mortgage, he could have applied to the court to intervene, and set up such a defense. Such was the course taken by the stockholders in Farmers' Loan & Trust Co. v. New York & N. R. Co., 150 N. Y. 410, 44 N. E. 1043, 34 L. R. A. 76, 55 Am. St. Rep. 689. * * * The plaintiff, or his predecessor in title, evidently regarded it as more profitable not to defend himself against the alleged wrongs upon him during the time of their commission, but to await their infliction, and thereafter bring a suit. When he stands simply on his legal rights, and proceeds in a court of law, he may be entitled to the benefit of that course, however much wrong it may inflict on innocent parties; but when he finds himself compelled to appeal to equity for relief, a different rule should prevail."

It is true that in that case the learned judge added that "he should be entitled merely to full indemnity," but there is no evidence here that indemnity has been refused. The petitioner, as has been seen, is scarcely in a position, with respect to his stock, to make an effective demand for it, and the right to it appears from the cases of Warren v. Stone Co., supra, and Kent v. Mining Co., supra, and others which might be cited, to be dependent upon prompt action. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.