THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EMIL BENC, GUS HASRATO and SHENK REALTY AND CONSTRUCTION COMPANY, Appellants.

Argued April 21, 1942; decided June 11, 1942.

*Frederick E. Crane* and *Bernard Trencher* for appellants. The defendants did not maintain or operate a laundry for the general public within the meaning of the statute. (*Willy* v. *Solvay Process Co.*, 215 N. Y. 584; *Tompkin* v. *Hunter*, 149 N. Y. 117; *People* v. *Briggs*, 193 N. Y. 457; *Dieterich* v. *Fargo*, 194 N. Y. 359; *Wolfard* v. *Fisher*, 48 Oreg. 479; *Phillips* v. *Watson*, 63 Iowa, 28; *DeCamp* v. *Railroad*, 47 N. J. L. 43; *Anderson* v. *Fidelity & Casualty Co.*, 228 N. Y. 475; *Madison Products Co.* v. *Coler*, 242 N. Y. 467; *Van Zandt* v. *Department of Labor*, 223 App. Div. 478; *People* v. *Powell*, 280 Mich. 699; *Cawker* v. *Meyer*, 147 Wis. 320; *People* v. *34th Street Hotel Co.*, 160 Misc. Rep. 243; *Effell Realty Corp.* v. *City of New York*, 165 Misc. Rep. 176; 282 N. Y. 541.) The judgment of conviction is not supported by the evidence and is

contrary to the evidence. (*People* v. *McLaughlin*, 150 N. Y. 365; *Frazer* v. *Freeman*, 43 N. Y. 566; *Anderson* v. *Metropolitan Life Ins. Co.*, 128 Misc. Rep. 144; *People* v. *Moskowitz*, 119 Misc. Rep. 837; *People* v. *Taylor*, 192 N. Y. 398.)

*William C. Chanler, Corporation Counsel* (*Charles F. Murphy* and *Paxton Blair* of counsel), for respondent. The use of the machine by persons who came in from outside for the purpose of using it was proved beyond a reasonable doubt. The defendants having failed to show that such persons were tenants or employees of tenants, the conviction was rightly sustained. (*Fleming* v. *People*, 27 N. Y. 329; *People* v. *Spina*, 278 N. Y. 654; *People* v. *Vandewater*, 250 N. Y. 83; *Heskell* v. *Auburn Light, Heat & Power Co.*, 209 N. Y. 86; *People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25.)

RIPPEY, J. The three defendants, Benc, Hasrato and Shenk Realty and Construction Company, have been convicted of maintaining a laundry without a license in violation of sections B32–167.0, B32–168.0 and B32–175.0 of article 23 of chapter 32 of the Administrative Code of the City of New York (L. 1937, ch. 929).

The premises upon which the laundry is alleged to have been maintained is a six-story, sixty-four family apartment house, of which Benc is the superintendent and the corporate defendant is the owner. Defendant Hasrato is the owner of a coin-operated Bendix Home Laundry machine which he installed in the basement of the apartment house in question under an arrangement whereby Shenk Realty and Construction Company was to receive ten per cent of the gross proceeds from the machine and Benc was to receive back any coins deposited by him in the machine. The machine is so constructed that upon the depositing of a dime in a coin slot thereon the controls are released so that they may be operated. The clothes to be washed are placed in a revolving cylinder through a door in front of the machine, soap is poured into an opening on the top of the machine and a dial is set which determines the length of time for each operation. A switch is then turned on to put the machine in motion. Thereupon water is automatically drawn in, the clothes are washed in suds, the soapy water is drawn off, two rinsing waters are successively injected and the water

is removed from the clothes by rapid spinning of the cylinder. All of this occurs automatically without further help from the operator after a coin has been deposited and the dials set.

Section B32–167.0 of the Administrative Code provides that " Whenever used in this article the word ' laundry ' shall mean and include:

" 1. Any place, which is used for the purpose of washing, drying, starching or ironing, *for the general public*, wearing apparel, household linens, or other washable fabrics, or a place used or maintained for the storage, collection or delivery of such articles for such service, or

" 2. *Any place maintained by a person dealing in laundry service* either as an independent contractor or jobber, or any private laundry maintained or operated in connection with any hotel, restaurant or public institution, whether for the tenants, customers or inmates of the same or otherwise, except a hospital or charitable institution where no charge is made for laundry services." (Italics ours.)

Section B32–168.0 of the Administrative Code provides that " It shall be unlawful for any person to establish, maintain, or operate a laundry without a license therefor " and section B32–175.0 provides for punishment for " Any person who shall engage in the business of, establish, maintain, conduct, carry on or operate a laundry without a license therefor    *    *    *."

Section B32–174.0 of the Code contains a specific exemption. It reads: " The provisions of this article shall not apply to any female engaged in doing custom laundry work at her home for a regular family trade, nor to any room, rooms, or portion thereof, located in a tenement house or other dwelling, in which domestic laundry work is done by or for the occupants of such building exclusively."

For conviction for violation of the ordinance the prosecution relies upon testimony that four women, not tenants of the building, on separate occasions entered the basement of the apartment house, each with her own bundle of laundry, and used the machine under instruction of an elevator man who was employed by the owner. The women were sent there by their employers who operated public laundries or managed a union of laundry workers to obtain evidence

of violation of the ordinance. Those and other witnesses testified that no signs were displayed calling attention to the presence of the machine in the building and that none of the defendants or their agents invited them to use the machine. On the contrary, prominently displayed on the wall directly over the machine was a card with large lettering bearing the notice: " This washing machine is exclusively for the use of the occupants of this building for domestic laundry work. All other use is forbidden." There is evidence that defendant Benc observed two of the women using the machine. There is no evidence that the corporate defendant or Hasrato had any knowledge or notice of any such use of the machine.

The defendants were not operating a laundry within the meaning of the ordinance. By its plain terms, the ordinance applied only to a place used for laundry purposes " for the general public," a place used or maintained for storage, collection or delivery of wearing apparel, household linens, or other washable fabrics for such purposes, a place maintained by an independent contractor or jobber dealing in laundry service or a private laundry maintained or operated in connection with a hotel, restaurant or public institution. There is no evidence that defendants were maintaining, conducting, carrying on or operating any such place or engaging in any such business or doing public laundry by invitation by way of trade or for purposes of gain.

In finding the intent and purpose of the Laundry Licensing Ordinance (Administrative Code, art. 23, pp. 1123–1125) consideration must be given to all its provisions. Those provisions relating to the special requirements for the application for a license (§ B32–169.0) and the fee and bond required (§ B32–171.0) lend clear and convincing proof that the ordinance was not intended to apply and could not be properly applied to the situation disclosed by the evidence in this case since they clearly point only to a public laundry operated by a number of employees. The amount of the licensing fee and the amount of the bond required are based on the number of employees. The evidence here indicated only that the machine was installed for the exclusive use and accommodation of the tenants of the apartment house. Each tenant might operate the machine as he desired to do his own domestic washing by depositing the required coin in the machine. No operator was

maintained by defendants nor was one required. The operation of the machine was entirely automatic, its operation being subject only to the will of the one desiring to use it.

Furthermore, under the express terms of the exemption above quoted the laundry work done in defendant's apartment house was at a place established for use by and for the occupants of the building exclusively.

Statutes which are penal in character must be narrowly and strictly construed and in manner not to embrace cases which do not clearly fall within their terms (*People* v. *Briggs*, 193 N. Y. 457; *Dieterich* v. *Fargo*, 194 N. Y. 359; *People* v. *Wallace & Co.*, 282 N. Y. 417). " Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal " (*People* v. *Shakun*, 251 N. Y. 107, 113). The evidence here clearly shows that the defendants were not within the purpose, intent and coverage of the ordinance.

The judgments should be reversed, and the complaints dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS and CONWAY, JJ., concur; DESMOND, J., dissents as to the defendant Benc, but concurs as to the other defendants.

Judgments reversed, etc.