CITY OF NEW ROCHELLE, Respondent, *v.* PHILIP D. Burke et al., Appellants.

Argued June 3, 1942; decided July 29, 1942.

*Albert Ritchie* for appellants. The defendants did not, within the meaning of the plumbing code, engage in the business of plumbing, nor did they install, alter or repair any plumbing system in the city of New Rochelle, as charged in the complaint. (*Palmer Adv. Service, Inc.*, v. *Grinnell Co.*, 272 N. Y. 487; *Bradley* v. *Town of Union*, 164 App. Div. 565; *Whitehouse* v. *Staten Island Water Co.*, 101 App. Div. 112; *Pine Bluff Corp.* v. *Toney*, 96 Ark. 345; *Pocatello Water Co.* v. *Standley*, 7 Idaho, 155; *Birmingham Waterworks Co.* v. *Hermandez*, 196 Ala. 438; *People* v. *Osborne*, 149 Misc. Rep. 676; *People* v. *Reed*, 276 N. Y. 5.

*Aaron Simmons, Corporation Counsel* (*John A. Bodmer* of counsel), for respondent. The appellants, in laying the pipe for supplying water and connecting the same with the water main, engaged in the business of plumbing. (49 C. J. p. 1035; *People ex rel. Lavier* v. *Hessler*, 152 App. Div. 839; *People ex rel. Stepski* v. *Harford*, 286 N. Y. 477; *Johnson* v. *City of New York*, 274 N. Y. 411.)

RIPPEY, J. The defendants, the New Rochelle Water Company and Philip D. Burke, its foreman, were convicted in the Court of Special Sessions of the City of New Rochelle, of willfully and unlawfully engaging in the business of plumbing or of installing, altering or repairing a plumbing system without first obtaining a certificate of qualification, after examination, from the Examining Board of Plumbers of the City of New Rochelle in violation of section 1 of the Plumbing and Drainage Code of that city.

On July 2, 1941, upon application of the owner of property abutting on Halcyon Terrace, defendants installed within the territorial boundaries of the public street a service pipe forty-one feet long, tapped and connected the pipe with the water main of the water company in the center of that street, placed a stop on the other end of the pipe and left it there for the plumber to pick up from the property line to the house. None of the work was done nor was any pipe installed by defendants on the applicant's premises. When defendants finished their work there was no connection between the water distribution system on applicant's premises and the water company's lateral. That connection was made by a plumber employed by applicant. So far it has been successfully maintained that the work done by defendants constituted the business of plumbing or the installation, alteration or repair of a plumbing system within the provisions of the Plumbing and Drainage Code. If so, it constituted a violation of the code since it was not done by licensed plumbers ( § 1).

"Plumbing," as defined by the code, "is the art of installing in buildings or structures the pipes, fixtures and other apparatus for the conveyance of water, gas and sewage" (§ 3, subd. 2). The defendants did no work, on the occasion in question, in any building. Subdivision 3 of section 3 of the code provides that "The 'plumbing system' of a structure includes the water supply distributing pipes, the fixtures and fixture traps, the soil, waste and

vent pipes, the house drain and house sewer, the storm water system, and the gas distributing pipes, together with their devices, appurtenances, and connections within the structure and adjacent premises." To sustain the conviction, it becomes necessary to hold that the term "structure" as used in the ordinance includes the mains and service pipes or laterals of the water company located within the territorial limits of the streets adjacent to the real property of the applicant. It seems reasonably clear that to so construe the ordinance would lead to necessary conflict between clearly defined duties, obligations and privileges of the water company and those of the city of New Rochelle and its inhabitants, both private and statutory, and their several property interests and prerogatives in connection with the water distribution system of the city.

The New Rochelle Water Company is a public utility corporation organized and existing under chapter 737 of the Laws of 1873. Under such act, with the consent of the village of New Rochelle, it acquired authority to lay and maintain its pipes and hydrants in any street, highway or public place of New Rochelle. It thereupon established its water system and became bound by the conditions of its incorporation and by contract to supply the village of New Rochelle and the inhabitants thereof with pure and wholesome water (*Village of Pelham Manor* v. *New Rochelle Water Co.*, 143 N. Y. 532, 536) and with necessary facilities within the public streets or on its own property for distribution. Since 1873 the duties and obligations of the water company have not been lessened and it has been and still is the sole source of water supply, first to the village and later to the city of New Rochelle and its inhabitants. The utility is subject to control of and regulation by the Public Service Commission of the State. (Pub. Serv. Law, art. 4-B, § 89-c; Cons. Laws, ch. 48.) On April 30, 1940, the Public Service Commission adopted rules and regulations relating to the installation of mains, services, facilities and extensions of water works corporations, effective July 1, 1940, which were binding upon the defendant utility. So far as material, those regulations made it mandatory upon any water works corporation to furnish, place, construct, operate and maintain *at its own expense* all mains, *service pipes, service connections* and other facilities within the territorial limits of any street that is used for highway purposes under the

jurisdiction of the legislative body of any city as might be necessary to render water service requested by any owner or occupant of property abutting on any such street within seventy-five feet of any main maintained by it in such street. There is no law which requires or authorizes the water company to install service pipes or other facilities or to complete connections with its mains located in public streets on property privately owned at its own cost or otherwise. Over the public streets, the legislative body of the city has jurisdiction. They may not be dug up or interfered with by the water company or anyone else in a way affecting their structure or use or their relation to other authorized uses without the city's consent. In the interest of the consumer's health and welfare, the city has jurisdiction over the water distribution system on the consumer's property in the matter of organization and construction where it has prescribed that the installation, alteration and repair of such system must be made according to definitely defined rules and regulations by duly qualified and licensed plumbers. Over that system neither the Public Service Commission nor the water company has assumed any jurisdiction.

A definite boundary line is established by law, by common practice, by necessity and in the interest of orderly procedure between the rights, duties, obligations and privileges of the water company on the one hand and those of the city and owners of private property and consumers on the other with reference to the installation and ownership of and jurisdiction over different parts of the general water distribution system. That line is the street property line of the owner of property abutting on the street. (27 R. C. L., p. 1307.) The mains, fixtures, connections, laterals, service pipes and appurtenances within the franchise limit within the territorial boundaries of the street installed at the expense of the private water company are its property and constitute its water distribution system. The pipes, connections, fixtures and appurtenances on the lot owner's property installed at his expense belong to and constitute his water distribution system and the distribution system referred to in the city ordinance over the installation, alteration and use of which, not the water company but, rather, the city has jurisdiction. Obviously there is not, nor was there ever intended to

be, an overlapping of governmental jurisdictions, control by private property owners over public utility properties and franchises or by the public utilities over the private property of individuals. The "structure" referred to in the ordinance cannot have been intended reasonably to mean any property of the utility within the boundaries of the public streets nor can "adjacent premises" as used in the ordinance be construed to refer to any part of such streets. It would be unreasonable to construe it otherwise. Nothing in the words or purpose of the ordinance leads to a contrary construction. It takes plain and explicit language in a statute or ordinance to make the doing of a thing criminal where it would not be a crime except for the legislative act. (*People* v. *Benc*, 288 N. Y. 318.)

Under the ordinance as it must be read and construed, there is no evidence that defendants were engaged in the business of plumbing or that they installed, altered or repaired the plumbing system of the city.

After July 1, 1940, the water company used its own employees, who were not licensed plumbers, to lay all required service pipes and laterals and connect them with their mains. Since it was required to bear the expense, it did so in the interest of economy. The circumstance that it had previously employed licensed plumbers to do that work is not material to a decision of this case. The facts in *People ex rel. Stepski* v. *Harford* (286 N. Y. 477) presented no question here decided. Since we decide that the Plumbing and Drainage Code of the City of New Rochelle does not require that the work of laying a lateral in a public street and its connection therein with defendant's water main be done by a licensed plumber, no question of the constitutionality of the ordinance is presented.

The judgments should be reversed, and the information dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.