Memorandum. Defendant was convicted of violating section 20-30, 20-31 and 14-114 of the Code of Ordinances of the Incorporated Village of Lynbrook, in that she used her premises so as to keep more than two boarders, operated a boarding house, and failed to obtain a license for such boarding house. The village concedes that the structure, located in a Dwelling A District, is a legal two-faniily house and that its use as a two-family house is permissible in such district.
The record indicates that the premises consist of two floors; there were three bedrooms, a sitting room, kitchen and bathroom on the first floor; two bedrooms, a kitchen and a bathroom on1 the second floor. During the period within which the alleged violations occurred, the second floor was occupied by two unrelated males, while the lower apartment was occupied first by two and then by three males, all unrelated.
The village’s contention that the code was violated is based upon section 20-30 (i), which permits the keeping of no more than two boarders or roomers in a Dwelling A District; section 20-2(11), which defines a boarding house as “ any dwelling in which more than three persons either individually or as families are housed or lodged for hire with or without meals ”; section 20-31(1) which prohibits a boarding house in the district; and, section 14-114 of the code which requires a license for a boarding house.
While the code permits the keeping of no more than two boarders, nevertheless the structure is a legal two-family dwelling, and a family is defined by the code as “ any number of individuals related by blood, marriage, or adoption, living and cooking together on the premises as a single housekeeping unit, and may include servants living in, or not more than two paying lodgers or boarders ” (§ 20-2[27]). Thus, under this definiton, defendant could house a family and two boardérs in each of the apartments. It is obvious, then, that the definition of “ family ” as applied to a two-family dwelling conflicts with the provision limiting occupancy to no more than two boarders.
*609 In an attempt to resolve the inconsistency, the village argues that although a family may include two hoarders, in a two-family house one family may have two hoarders and the other none, or each may have one boarder, but in no event may there be more than two boarders in the house. The difficulty with this interpretation is that the dwelling would nevertheless come under the definition of a boarding house, a use which is specifically prohibited in a Dwelling A District. Thus, under no circumstances could one house two boarders and two families without violating the code. Insofar as a two-family dwelling is concerned, the section defining family ¡as including two boarders is therefore in hopeless conflict with the sections limiting occupancy to no more than two boarders and prohibiting a boarding house. Since the zoning ordinances are penal in nature and must be construed in a manner not to embrace cases which do not clearly fall within their terms (People v. Scopas, 11 N Y 2d 120; City of New Rochelle v. Burke, 288 N. Y. 406; People v. Benc, 288 N. Y. 318; Matter of Asheroff v. Parking Violations Bur. of Transp. Administration of City of N. Y., 38 A D 2d 474), we must hold that the code was not violated.
Aside from the inconsistency of the provisions, a further difficulty concerns the definition of the word “ family ”. Zoning ordinances must be reasonably related to the promotion of health, comfort, safety and the general welfare of the community (Salamar Bldrs. Corp. v. Tuttle, 29 N Y 2d 221; Baddour v. City of Long Beach, 279 N. Y. 167).
In People v. Renaissance Project (78 Misc 2d 607), we declared ■ invalid a provision limiting the occupancy of a one-family dwelling to any number of individuals who are related by blood, marriage or adoption, but requiring individuals not so related to obtain a permit, relying on the decision of the United States Court of Appeals for the Second Circuit in Boraas v. Village of Belle Terre (476 F. 2d 806). In effect, we held that the goal of protecting and maintaining the one-family pattern, which consists of occupancy of one-family homes by families based on consanguinity or legal affinity, is not within the proper exercise of the State police power. Thus, it is not the relationship of the occupants that determines whether or not a dwelling house is occupied by one family, but the manner in which the occupants are using the premises.
In our opinion, the ¡evidence adduced was insufficient to establish beyond a reasonable doubt that the dwelling units in defendant’s premises were being used other than as single housekeeping units. Furthermore, requiring defendant to obtain a license *610 under these circumstances would, under the holdings in the Renaissance Project and Village of Belle Terre (supra) be an unlawful exercise of the police power. The conviction, therefore, cannot stand.
The judgment of conviction is unanimously r.eversed on the law land facts and the complaint dismissed.
Concur — Hogan, P. J., Pittoni and McCullough, JJ.