Abraham J. Gellinoff, J.
This is an action for a judgment *271 declaring invalid defendants’ application of a flat-rate water charge upon apartment buildings that provide coin-operated washing machines in common areas for the use of tenants only. Defendants move to dismiss the complaint; plaintiffs move for partial summary judgment.
Defendants base the challenged water charge upon section 2(36) of the Water Rules of the Environmental Protection Administration of the City of New York. Section 2(36) provides for a charge for "Laundries. Each washtub, washing machine or apparatus for washing clothes, $42.00 per annum.”
This section continues in force a provision originally approved by the Board of Estimate in 1913. It has been reenacted various times since, in order to change the annual rate. At no time prior to 1976 has the appropriate administrative agency interpreted the section as permitting a water charge on machines located in the common areas of apartment houses; the administrative interpretation of the section has limited its application to commercial laundries, or laundromats. This administrative interpretation is fully supported by the language of the section, and by its purpose.
While the water rules themselves do not directly define the term "laundries”, the word is defined in the Administrative Code of the City of New York as "any place, which is used for the purpose of washing, drying, starching or ironing, for the general public, wearing apparel, household linens, or other valuable fabrics” (Administrative Code, § B32-167.0, subd 1 [emphasis added]; see, also, People v Benc, 288 NY 318). This would exclude the machines here at issue, since they are not "for the general public”, but intended for use solely by the tenants of each particular building.
Additionally, as this court has previously held, "the imposition of water and sewer rates does not constitute taxation but rather the exercise of the powers of a public utility to charge for benefits supplied in the form of water and sewer systems” (Battista v Board of Estimate of City of N. Y., 51 Misc 2d 962, 966-967, affd 27 AD2d 986). The city already exercises the powers of a public utility by charging the owners of apartment buildings for the water supplied thé landlords and expected to be used by the tenants. To interpret the water charge of section 2(36) as applicable to the washing machines located in apartment buildings would impose a double charge for the same "benefits supplied”.
*272 The section has been re-enacted upon consistent administrative interpretation that it does not apply to washing machines located in apartment buildings. Thus, the legislative intent in re-enacting it was that it be subject to the same interpretation (see Engle v Talarico, 33 NY2d 237, 242). From this, and from the legislative definition of the terms used, as well as from the background and purpose of the section, the court concludes that section 2(36) was not intended to, and does not, permit imposition of its charges upon washing machines located in the common areas of apartment buildings.
Defendants further argue that if section 2(36) does not authorize the charges sought to be imposed, such charges may nevertheless be made pursuant to subdivision (55) of the same section. The latter subdivision provides a charge for "unmetered water used in the operation of any machine or apparatus not heretofore provided.” The obvious intent of that subdivision is to permit the city to impose charges upon unusual pieces of machinery that consume water but are not covered by any of the specific items listed in section 2. To interpret that subdivision as defendants now urge would be to permit the imposition of a charge on every sink, fountain, toilet or washing machine in the city. That obviously was not the intent of the general catch-all provision of subdivision (55).
The court thus finds that the charge sought to be imposed by defendant upon plantiffs is not permitted under current regulations. The motion to dismiss the complaint is denied, and the cross motion for summary judgment on the first cause of action is granted. As to the remaining causes of action, alleging that the water charges, if pursuant to law, are unconstitutional, the cross motion for summary judgment is denied as academic. " ' "Constitutional questions are not to be decided hypothetically” ’ ” (People v Merolla, 9 NY2d 62, 68-69). It will be time to determine the constitutionality of water charges on washing machines located in apartment buildings when a regulation imposing them is properly adopted.