### Fox and STONE *vs.* JACKSON.

The 52d section of the judiciary act, which forbids a partner or clerk of a judge to practice before him " as attorney, solicitor, or counsel," is not applicable to a justice's court.

In an action against two defendants, for a *tort*, evidence ought not to be rejected, because it implicates one defendant only. If evidence bears against either of the defendants it is admissible. Its legal effect is a different question, and ought to be presented in a different form.

In such an action the court ought not to direct an acquittal of one of the defendants, unless the want of evidence against him is so glaring as to afford strong grounds for belief that he was arbitrarily made a party for the purpose of excluding his testimony.

To make a party liable for a previous trespass committed by another, though the act was done in his name and for his benefit, it must be proved that he assented to, or ratified, the act, with a full knowledge of the facts.

THIS was an action of trespass, for taking personal property, tried before a justice of the peace. The defence was that an attachment had been taken out by Fox, and placed in the hands of Stone, a constable, under which he had levied upon and seized the property in question. The cause was tried before a jury, who gave a verdict for Jackson, the plaintiff, for $20 damages, on which the justice rendered judgment. The defendants brought a writ of certiorari, and removed the cause to the court of common pleas of Greene county. The county judge being incapacitated for hearing the cause, it was certified into this court.

The facts sufficiently appear in the opinion of the court.

*D. K.* and *J. Olney*, for the plaintiffs in error.

*G. W. Cummings*, for the defendant in error.

*By the Court*, PARKER, J. After the joining of issue before the justice, the cause was adjourned, and when the parties again met, for trial, the defendants objected to Mr. Cummings

appearing for the plaintiff, on the ground that he was the law partner of the justice before whom the suit was pending. The justice overruled the objection; and this decision is the first alledged ground of error. The objection was founded on the 52d section of the judiciary act, where it is enacted, that "no partner or clerk of any judge or officer shall practice before him as attorney, solicitor or counsel, in any cause or proceeding whatever, or be employed in any suit or proceeding which shall originate before such judge or officer." I think the provision is not intended to apply to a justice's court. The words "attorney, solicitor or counsel" are only applicable to courts of record. Such was the construction this court put on that section of the revised statutes, (1 *R. S.* 112, § 33, *3d ed.*) which prohibits a sheriff, under sheriff, &c. from practising as a counsellor, solicitor, or attorney in any court of law or equity. (*Thomas* v. *Schultz, decided February term,* 1850.) Entertaining this view of the law, it is unnecessary to examine whether a violation of the statute could only subject the offender to punishment for a misdemeanor, or whether the opposite party could avail himself of such an objection on the trial.

The next point made by the plaintiff in error is, that the justice erred in permitting the witness Eliza Ann Judson to testify what the defendant Stone did with the oats he had levied upon; such evidence being objected to on the ground that the other defendant, Fox, was not present, and that the plaintiff's counsel did not offer to show how Fox was connected with the transaction. The answer to this objection is a very plain one. The evidence was proper as against Stone; and if it was proper as against either of the defendants, it was admissible, and could not be rejected. The application of the evidence, so as to confine it to its legitimate effect, was a different question, not raised, and more properly to be presented at the close of the trial, and in a different form.

The third alledged ground of error is that the justice erred in refusing to discharge the defendant Fox. The rule on this subject is, that to authorize the court to direct an acquittal of one of the defendants, there must be an entire absence of evi-

---

Fox *v.* Jackson.

---

dence against him. (*Moon* v. *Eldred*, 3 *Hill*, 104, *note a.*) It is said " the want of evidence must be so glaring and obvious as to afford strong grounds of belief that he was arbitrarily made a defendant to prevent his testimony." (*Brown* v. *Howard*, 14 *John.* 119. *Bates* v. *Conkling*, 10 *Wend.* 392.)

I am clearly of the opinion that there was some evidence against Fox. He was the party who had taken out the attachment and delivered it to Stone, with what directions it does not appear, except as they may be inferred ; and after Stone had failed, in the evening of the same day, he asked Fox to indemnify him, and Fox said he would do so. It is said it does not appear against whom he agreed to indemnify. This is not material. It was the levy that constituted the trespass ; and the levy was sanctioned by an agreement to protect against its consequences. As it does not appear that any other person except Jackson claimed the property, it is fair to presume that it was his claim which was in question, and that Fox knew it.

There is no doubt of the rule that to make a party liable for a previous trespass, though committed in his name and for his benefit, it should be proved that he assented to, or ratified the trespass, with a full knowledge of the facts. (*Adams* v. *Freeman*, 9 *John.* 118. 1 *Cowen's Tr.* 409. *Collins* v. *Ferris*, 14 *John.* 247.) Is there not some evidence here—enough at least for the jury to pass upon—that Fox had full knowledge of what had been levied on when he promised to indemnify Stone ? The property was claimed by no one but the defendant in the attachment. He could not contest the levy, except on the ground that the property was exempt, or the process void. Can there be any doubt, therefore, that it was Jackson's claim that was indemnified against ? And was it not for the jury to say, from all the circumstances, whether they were satisfied that the levy was in fact made by the direction of Fox, or that the ratification of the levy made by Fox, was made with a full knowledge of the proceeding which he ratified. I think it was, and that the justice decided correctly in refusing to direct a verdict in favor of Fox.

The judgment of the justice must be affirmed.