Ahrens agt. Burke.

---

## N. Y. COMMON PLEAS.

### JACOB AHRENS agt. DENNIS BURKE.

*District courts — power to adjourn a cause — no power to interplead — rights not waived by going to trial.*

The justices of the district courts in the city of New York have no power to adjourn a case of their own motion or otherwise without a verified answer being filed *on the return day* where the plaintiff served a verified complaint with the summons. The plaintiff having duly excepted to

such adjournment does not waive his rights by going to trial on the adjourned day.

The justices of district courts have no power to interplead parties under the Code of Civil Procedure.

*General Term, March,* 1881.

*Before* VAN BRUNT *and* BEACH, *JJ.*

ACTION for commission for selling a house. Verified complaint served.

On the return day, March 12, 1881, defendant moved to interplead with other claimants for the same commission.

Plaintiff denied jurisdiction of court to interplead under new Code, and demanded judgment unless verified answer was filed at once. The justice reserved his decision on the motion of interpleader, as the question was new, and gave defendant time to file an answer until after the motion, as to the power of interpleader, should be decided. Plaintiff excepted.

On the seventeenth, justice LANGBEIN filed his decision, denying the motion to interplead. Plaintiff then renewed his motion for judgment for want of verified answer, which was denied and exception taken. Defendant then filed his answer and the case was adjourned. On the adjourned day, before the trial, plaintiff again moved for judgment as before, and the justice denied the motion on the ground that he gave the defendant time of his own motion in order to properly decide the question of interpleader. Case was then tried and judgment given for defendant.

*David L. Walter,* for appellant. The justice had no jurisdiction to adjourn, the statute being imperative that a verified answer must be filed on return day to a verified complaint (*Code, secs.* 3126, 3207). Motion for interpleader was a nullity (*sec.* 3347, *subd.* 6, *limiting sec.* 820) to courts of record, and see justice LANGBEIN's opinion in the return. Having duly excepted no rights were waived by going to trial (*Hand* agt. *Kennedy,* 83 *N. Y.,* 149; *Nickerson* agt. *Ruger,* 76 *N. Y.,* 279; *Wheelock* agt. *Lee,* 5 *Abb. N. C.,* 73).

*John Flanagan*, for respondent. The language of section 3126 did not take away the power of the justice to adjourn of his own motion when necessary, for purpose of consideration of the question of interpleader. The motion for interpleader was in the power of the justice to grant (*Dreyer* agt. *Ranch*, 3 *Daly*, 434). Plaintiff waived his right, if any, by going to trial on adjourned day.

LANGBEIN, *Civil Justice.* — This is an action for brokers' commissions for the sale of property known as No. 971 Second avenue, in the city of New York. On the return day of the summons the defendant made a motion for an order of interpleader, " that he be allowed to pay the amount he is sued for into court; that one Leopold Lithauer and one Henry Trauman be substituted in his place and stead as defendant in this action, and that he be thereupon discharged from liability."

Upon this motion the first question that presents itself is, have district courts in this city the power of interpleader ? There is no doubt but what these courts possessed that power under the old Code (*Dryer* agt. *Ranch*, 3 *Daly*, 434 ; *S. C.*, 40 *How.*, 22).

Where it was held by the general term of the court of common pleas that " the justices of district courts in the city of New York have power and authority to interplead parties defendants under section 122 of the Code." This power was conferred by section 8 of the old Code, because that section divided the Code into two parts, and the first four titles of the second part (being sections 69 to 126, both inclusive) *relate to actions in* ALL *the courts of the state.* Section 122 of the old Code, which is embraced within these sections, is the section relating to interpleaders, and is entitled " court, when to decide controversy, or to order other parties to be brought in." This section, therefore, applied to actions in *inferior* as well as in the higher courts.

What then has become of this section by the Code of Civil Procedure ? Has it been merged into another section, or has

it been repealed? But, first, what has become of section 8? This is rather difficult to ascertain. Throop's table showing the sections of the Code of Civil Procedure (new Code), in which the various sections of the repealed Code are revised, informs us that section 8 is *omitted;* while, by chapter 417 of the Laws of 1877, and chapter 245 of the Laws of 1880, commonly called the "Repealing acts," the entire old Code was repealed. Section 122 was repealed by sections 452 and 820 of the Code of Civil Procedure. Section 452 relates to " bringing in parties to an action," and section 820 to " *interpleaders.*" But by subdivision 6 of section 3347 it will be seen that chapter 8 of the Code of Civil Procedure, in which section 820 is embraced, relates only to an action in one of the courts specified in subdivision fourth of section 3347, and by reference to that subdivision and section it will be seen that these courts are the supreme, a superior city court, the marine court of the city of New York and a county court. The exceptions embraced in subdivision 6 of section 3347 do not include section 820.

But there is still some doubt as to whether this power has been entirely taken away, and, in order to determine this, further research must be made. By section 48 of the district court act (*Laws* 1857 *chap.* 344), section 64 of the old Code was made applicable to these courts, and by the fifteenth subdivision of that section, the provisions of the old Code respecting forms of actions, *parties to actions*, etc., were made to apply to district courts. But section 48 of the district court act has been in effect repealed by the sections of the Code of Civil Procedure. It is unnecessary to show, in detail, what became of sections 55 to 64, both inclusive, of the old Code, as we have only to deal here with section 64. This section related to "rules of pleading," and contained fifteen subdivisions. It was superseded by section 2935, which took the place of subdivision 1 of section 64. Subdivisions 2 and 5 were superseded by section 2940; subdivision 3 by section 2936; subdivision 4 by section 2938; subdivisions 6

and 7 by section 2939; subdivision 8 by section 2891; subdivision 9 by section 2941; subdivision 10 by section 2943; subdivision 11 by sections 2944 and 3077 ; subdivision 12, last clause, by sections 3025 and 3027; parts of subdivisions 12 and 13 by section 2034; subdivision 13 by section 3043; subdivision 14 by section 2942 ; *subdivision* 15, *first clause, by section* 2879, *and part of subdivision* 15 *by section* 2892. Section 2879 relates to "service of summons upon a corporation," and section 2892 to permitting a "defendant to offer to compromise," and to "proceedings thereupon."

It is, therefore, clear that these courts no longer possess the power of interpleader, a fact much to be regretted.

Motion for interpleader denied, but, as the question is new, no costs are allowed.

PER CURIAM. — We are of opinion that the justice had no discretion under the statute. He was bound to see that the answer was filed on the return day of the summons, and he had no power to adjourn without the filing of an answer. All his subsequent proceedings were without jurisdiction, and the judgment must necessarily be reversed.