GEORGE J. FLINT, RESPONDENT, *v.* ABRAM VAN DUSEN, EXECUTOR, ETC., AND OTHERS, APPELLANTS.

*Lien of attorney on judgment or decree — none acquired in courts not of record.*

While the Surrogates' Courts were courts not of record no lien could be acquired upon a decree entered therein, by the attorney for the successful party for the services rendered by him in the proceeding.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

*Isaac H. Maynard,* for the appellants.

*James A. Lynes,* for the respondent.

SMITH, J.:

This action was brought to enforce an alleged lien upon a surrogate's decree for services rendered by the plaintiff, who is an attorney of this court, in the proceedings before the surrogate which resulted in the said decree. By the decree, the appellant

herein was directed, as executor, to pay certain moneys to the plaintiff's clients in the proceedings before the surrogate, and he has paid the same accordingly. By the judgment herein he is required to pay the amount of the plaintiff's claim, on the ground that at the time when he made the payments under the decree, he had notice of the plaintiff's claim, which was adjudged by the referee to have been a valid lien on the moneys so paid by the executor.

We think the plaintiff had no lien. We are not aware of a case holding that a lien exists upon a judgment rendered in a court not of record, for services performed in such court in obtaining such judgment. In those courts there are no attorneys, in the sense in which that term is used in courts of record (*Fox* v. *Jackson*, 8 Barb., 355), and it is only in respect of the party's character of attorney or solicitor, that the claim to a lien exists. And it would seem that courts not of record, possessing only a limited jurisdiction, have no such equitable control over their judgments as will enable them to adjudicate upon and enforce liens thereon. No one will contend that a lien exists for services rendered by an attorney in a Justice's Court. At the time when the services in question were rendered, Surrogate's Courts were not courts of record. The fact that the statute making them courts of record was passed before the decree in question was rendered, does not affect the case, as the decree did not recognize the plaintiff's claim, and the services on which the alleged claim is based were all rendered before the statute referred to was passed.

The judgment should be reversed, and as the facts cannot be changed, bearing upon the point on which the case is decided, another trial is unnecessary, and judgment is ordered for the defendant, with costs.

HARDIN J., concurred; TALCOTT, P. J., not voting.

Judgment reversed, and judgment ordered for defendant, with costs.