MERWIN *et al. v.* ROGERS.

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

1. RES ADJUDICATA.

A decision that a justice of the district court is not liable in damages to plaintiff for adjourning a case when no verified answer is interposed, is not in conflict with a decision that such unauthorized adjournment is reversible error.

2. APPEALABLE ORDERS—LIABILITY OF JUDGE.

Where, in an action for such damages, the justice admits, by demurring to the complaint, that his refusal to give judgment was arbitrary, willful, and oppressive, as alleged therein, an appeal to the court of appeals will be granted from a decision holding him not liable. VAN HOESEN, J., dissenting.

On motion for reargument, or for leave to appeal to the court of appeals. For former opinion, see 6 N. Y. Supp. 882.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*J. Homer Hildreth,* for appellants. *James C. De la Mare,* for respondent.

DALY, J. There is no ground for allowing a reargument of this appeal. No fact or point in the case was overlooked. Our decision that the justice of the district court was not liable in damages to the plaintiff for adjourning a cause, where no verified answer had been interposed, is not in conflict with our decision in *Ahrens* v. *Burke,* 63 How. Pr. 50, where we reversed a judgment entered after such unauthorized adjournment. We held in this case that an unauthorized adjournment was error, and that a judgment rendered thereafter would be reversed on appeal. Both cases may stand.

As to the application for leave to go to the court of appeals, I am in favor of granting it. We decided the case upon the authority of *Horton* v. *Auchmoody,* 7 Wend. 200. In a recent case, (*Evarts* v. *Kiehle,* 102 N. Y 296, 6 N. E. Rep. 592,) where a justice of the peace failed to render judgment and enter it within four days, as required by statute, and was sued for damages, it was held that rendering judgment was a judicial act, and that "it is a general rule that a person is not liable to an action at the suit of an individual for what he does, or fails to do, as judge." No distinction is made between judges of courts of record and judges of courts of special, limited, or inferior jurisdiction. None, in principle, ought to be made. It is claimed by the appellant, however, that the force of this decision by the court of appeals is affected by the consideration which the court gives to the fact that the justice in that case was excusable, by reason of illness, from performing his duty; while in the present case the justice admitted by his demurrer the allegation of the complaint that his refusal to give judgment was arbitrary, willful, and oppressive. Motion for leave to appeal to court of appeals should be granted.

LARREMORE, C. J., concurs.

VAN HOESEN, J., (*dissenting.*) I am opposed to allowing the case to go to the court of appeals. The law is, in my judgment, settled against the plaintiffs.