(2 Misc. Rep. 152.)

PEOPLE ex rel. ALLEN v. MURRAY, Justice.

(Superior Court of New York City, Special Term.   October, 1892.)

1. AUTHORITY OF ATTORNEY — RIGHT TO QUESTION—DISTRICT COURT.
   Under Laws 1862, c. 484, forbidding any one to practice in the district courts of New York city unless admitted to the bar, and declaring applicable to such courts, as far as may be, all the rules and regulations of the supreme court, the rule of the supreme court that the authority of an attorney at law who appears in an action will be presumed applies to the district courts, and a district court justice has no power of his own motion to call on an attorney to produce a special authority to appear in an action.

2. MANDAMUS—TO SIGN FINAL ORDER IN SUMMARY PROCEEDINGS.
   Code Civil Proc. § 2249, providing that in summary proceedings, "if sufficient cause is not shown upon the return day of the precept, * * * the justice must make a final order awarding to the petitioner the delivery of the possession of the property," is mandatory, and where such "sufficient cause" is not shown, mandamus will lie to compel the justice to make the final order, since in such case he has no discretion concerning it.

Proceedings in mandamus by the people of the state of New York, on the relation of Charles F. Allen, against Thomas E. Murray, as justice of the district court of the city of New York for the eleventh judicial district, to compel him to enter the proper order and issue the proper warrant in summary proceedings for the possession of leased premises.   Peremptory mandamus granted.

For decision on appeal from the order herein, see 21 N. Y. Supp. 797.

William H. Secor, for the motion.
Allen & Murray, opposed.

McADAM, J.   Assuming, for present purposes, that section 1382 of the consolidation act, (Laws 1882, c. 410,) relating to actions in the district courts, applies to summary proceedings, and that an appearance by the landlord on the return day is necessary to prevent a dismissal of his proceeding, we must inquire whether the appearance by Mr. Secor was not sufficient to satisfy all legal requirements.   Mr. Secor was an attorney and counselor, admitted by the supreme court to practice law in all the courts of the state.   In courts of record his authority would be presumed.   Denton v. Noyes, 6 Johns. 295, followed as authority in Vilas v. Railroad Co., (N. Y. App.) 25 N. E. Rep. 941.   True, the rule never applied to justices' courts, because there are no attorneys, within the professional meaning of that term, in these courts.   Hughes v. Mulvey, 1 Sandf. 92;  Fox v. Jackson, 8 Barb. 355;  Sperry v. Reynolds, 65 N. Y. 179. There is another reason.   Prior to the constitution of 1846, and the judiciary act of 1847, passed in aid of it, each court of record (even the old marine court) regulated the admission of its own attorneys, and had separate rolls on which appeared their honored names.   In this manner the attorneys entitled to practice in each court were made known to its judges, (see Const. N. Y. 1777, § 27,) but these regulations never reached the justices' courts, which seem to have been regarded as sort of "go-as-you-please" tribunals, in

which any one was entitled to practice, whether licensed to do so
·or not.   The power emanated from the client, not the court.   The
·cases cited, founded on the old rule, no longer apply to the district
courts, in which attorneys are recognized as officers by force of
express statute.   The act of 1857 (chapter 344, § 21) provides for
·an extra allowance of costs where an attorney is actually engaged
in the prosecution or defense of the action, and by the laws of 1862
·(chapter 484) it is not only a misdemeanor to practice in these courts
without being admitted to the bar, but all the rules and regulations
of the supreme court are made applicable thereto, so far as the same
can be made applicable, and those relating to attorneys and coun-
·selors may well be so applied in all their rigor.   This was evidently
the legislative intent, and effect must be given to it.   See Newburger
v. Campbell, 9 Daly, 102.   The act of 1862, supra, was designed to
·effect a radical change by driving away from these courts a class
·of irresponsible, unlicensed practitioners, tolerated under the old
rule, by substituting in their stead, under the new one, attorneys of
the supreme court, whose office protected both court and litigants
from all fear of imposition.   It was an effort to elevate the tone,
·character, and dignity of the district court by improving its sur-
roundings.   It was a much-needed reform, and has worked well.
When progress is made, its concomitants go with it; all look for-
ward, not backward.   Such being the present relation between the
district court and the supreme court attorneys, the justice, who knew
Mr. Secor was an attorney, had no power to call upon him to pro-
·duce a special authority to appear for Mr. Allen; his office conferred
that right.   The tenant did not question Mr. Secor's right to appear,
and the justice was not called upon to dispute it.   The nature and
extent of the remedy now applied for will be next considered.

   The distinction is, of course, to be observed between a direction
to an inferior tribunal to act, and a command by mandamus directing
it how to act.   Thus, mandamus may command the inferior tribunal
to act and proceed to judgment, yet it will not, as a rule, prescribe
what judgment to give.   The mandate is that the officer proceed,
·adjudicate, and exercise his judgment upon the questions of law
and fact involved, leaving whatever error may be committed to be
corrected on appeal after the decision is filed.   While the determina-
tion of the inferior court upon the merits will not be controlled by
mandamus, yet, if it has erroneously decided some question of law or
·of practice presented as a preliminary objection, and upon such
·erroneous construction has refused to go into the merits of the case,
and there is no other remedy, mandamus will lie to compel it to
proceed.   Castello v. Circuit Court, 28 Mo. 259.   In People v. Mayor,
etc., 10 Wend. 393, 397, Nelson, J., referring to mandamus said
that "whenever a legal right exists the party is entitled to a legal
remedy, and when all others fail the aid of this may be invoked."
This case and others show that when a specific duty is imposed by
statute on public officers they may be compelled to execute it by man-
damus.   The office of the writ and its extent are well stated by
Chief Justice Spencer in People v. Supervisors, 12 Johns. 415, and
that is "to require the persons to whom it directed to do some partic-

ular thing, which appertains to their office or duty, and which the court issuing it supposes to be consonant to right and justice; and that, if the party making the application has a legal right, and no other specific remedy, the writ generally goes." The party aggrieved is bound to show as the foundation of the proceeding that the specific act sought to be coerced is the duty of the person against whom the writ is directed, and that such person has no discretion as to its exercise. The statute under which the original proceeding in this matter was taken, provides that, "if sufficient cause is not shown upon the return day of the precept, * * * the justice must make a final order, awarding to the petitioner the delivery of the possession of the property." Code Civil Proc. § 2249. The phrase "sufficient cause," to the contrary, means some legal reason why the order should not be made, such as the filing of an answer creating an issue, or the discovery of objections fatal to the proceeding or the jurisdiction of the magistrate. In cases where no such impediment exists the statute is mandatory that the justice "must" make the final order, and he has no discretion concerning it. While the justice had the right to take whatever time was needed to examine the papers to determine whether they followed statutory requirements, he had no power to unreasonably delay the proceeding, nor had he authority to adjourn it on his own motion, without the filing of an answer or the consent of parties, (Ahrens v. Burke, 63 How. Pr. 50;) and all his proceedings taken after the return day of the precept are in consequence coram non judice and void, and the matter must be treated as if no such proceedings had followed.

The writ of mandamus has been given to compel the entering of judgment where nothing remained but the mere ministerial duty of making the proper entry. Williams v. Saunders, 5 Cold. 60; Smith v. Moore, 38 Conn. 105. Indeed, in a case like the present, the signing of the final order might be considered as merely ministerial, corresponding in this respect with the duty of the clerk of a court of record in entering the judgment of the court,—an act clearly enforceable by mandamus. Smith v. Moore supra. The clerk could not, by adjourning the performance of the act for a week or any other stated period, absolve himself from his statutory duty, nor could he then, by any act of his, declare the proceeding terminated, and avoid his duty. There is no substantial difference between the case put and the one now before the court. The statute, as its title indicates, intended the proceeding to be "summary, short, sharp, decisive, and the legislative purpose and intent must be respected." If an answer had been filed, or if objections had been made, which necessitated an adjournment, or required judicial examination, a case calling for the exercise of judicial judgment might have been presented, and a different question would have arisen; so in regard to motions to adjourn after issue joined. Code Civil Proc. § 2248. The tenant not having questioned Mr. Secor's authority, there was no issue of that kind raised calling for a decision, and the justice had no alternative but to obey the plain mandate of the law, by making the final order which the statute requires he shall make, where no legal reasons ex-

ist to the contrary. The justice having neglected to perform the specific duty imposed by statute, the party making the application having a legal right to its performance, with no other remedy, and the question being one about which there was no discretion, mandamus, which is a remedial writ, will lie to compel the performance of the duty omitted, and this without infringing any of the elementary rules before referred to. Although of a quasi judicial nature, the act required was purely clerical or ministerial in its character, not calling for the exercise of judgment, and admitting of but one result, which was that imposed and specifically pointed out by the statute conferring the authority to act, and as Judge Davies, in People v. Willis, 5 Abb. Pr., at page 212, held, the justice "not having performed a duty clearly enjoined upon him by law, a mandamus is the proper remedy to compel him to do so," or otherwise there would be a complete failure of justice, the party aggrieved having no other remedy to obtain his legal rights. The relator is therefore entitled to a peremptory mandamus commanding the justice to sign the final order as of September 30, 1892, and to issue his warrant thereon in due form, (Code Civil Proc. § 2251,) that the relator may obtain the possession to which he is by law entitled.