## Commonwealth v. Axe.

*Practice, J. P. and Q. S.—Appeal from summary conviction — Sufficient cause—Records—Payment of penalty or costs—Act of July 11, 1917.*

1. An allowance of an appeal from a summary conviction before a justice of the peace must be based upon some cause shown, as provided by the Act of July 11, 1917, P. L. 771, and such cause must be meritorious. If it is not shown, the appeal will be stricken off.

2. The transcript of the justice must be produced in court, otherwise the appeal will be stricken off.

3. The record of the justice on an appeal from a summary conviction must show that defendant has entered security for the payment of fine or penalty and costs.

Motion to strike off appeal from summary conviction. Q. S. York Co.

*James G. Glessner*, for Commonwealth; no appearance for defendant.

Ross, J., March 3, 1924.—The 14th section of article v of the Constitution of Pennsylvania says: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court, or judge thereof, upon cause shown."

That constitutional provision was made effective by the legislature in the passage of an Act approved April 17, 1876, P. L. 29, and an Act approved July 11, 1917, P. L. 771-2. These acts require that, before the appeal shall be granted, there must be "cause shown."

The petition upon which the appeal was allowed by the court did not show sufficient cause or any legal cause for taking the appeal. "Sufficient cause" means "where the law gives an appeal and the party is deprived of it without any fault or negligence on his part, and has, in addition, a meritorious case:" 6 L. R. A. (1st series) 207. The phrase means some legal reason: 23 N. Y. Supp. 160; Com. v. Borden, 61 Pa. 272.

The petition shows no such cause, and the appeal was erroneously granted by the court: Thompson v. Preston, 5 Pa. Superior Ct. 154.

The transcript of the alderman was not produced to the court, and that alone is sufficient to sustain the motion to strike off the appeal: Com. v. Weimer, 36 Pa. Superior Ct. 451.

The Act of July 11, 1917, P. L. 771, 772, requires that, "pending the taking of an appeal, . . . the fine or penalty and costs imposed by the magistrate or court not of record need not be paid if bail is entered, with one or more sufficient sureties, in double the amount of such fine or penalty and costs for the payment thereof, on the refusal of such appeal." The record does not show that that statutory requirement was met by the appellant.

For these reasons, the motion to strike from the records this appeal must prevail.

And now, March 3, 1924, the appeal is vacated and ordered to be stricken from the records of this court.

From Richard E. Cochran, York, Pa.