THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAY O'NEIL, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, March 13, 1931.

Joseph Lonardo, for the appellant.

W. F. X. Geoghan, District Attorney [George M. Palmer of counsel], for the respondent.

FRESCHI, J.  The appellant, May O'Neil, and her codefendant, Florence Riley, were both charged with statutory vagrancy in knowingly and *willfully residing* in a house of prostitution where one Rose Stern is alleged to have offered to commit an act of prostitution in violation of subdivision 4 of section 350 of the Multiple Dwelling Law.

The police testified that the Stern woman in the presence of the defendant O'Neil demanded and received money for such an act of prostitution; and that the latter knew the illicit use for which the premises were about to be put.

The magistrate acquitted defendant Riley and convicted the appellant O'Neil, after the magistrate had amended the complaint and changed the theory of the action at the close of the trial so as to charge the defendant O'Neil with *permitting the room to be used* for the purpose of prostitution, which constitutes a violation of subdivision 5 of section — of the Multiple Dwelling Law (*supra*). While this amendment was allowed without objection and exception, yet we think that, in the light of the circumstances of this case, the substantial rights of the appellant have been affected. The means by which the offense charged was committed have not been proven; and the act proven was not stated.  This is serious.  (See *People* v. *Dumar*, 106 N. Y. 502.)  Furthermore, the record on appeal shows that the appellant was committed to the New York State Reformatory for Women at Bedford, N. Y., for a term not exceeding three years under a commitment reciting that the appellant is committed as provided for by section 89 of the Inferior Criminal Courts Act (Laws of 1910, chap. 659), as amended by chapter 372 of the Laws of 1913, for a violation of the provisions of the Multiple Dwelling Law *in demanding and receiving the sum of ten dollars for exposing her person for the purpose of prostitution*, whereas, in fact, there is no proof that this appellant was ever charged with or committed such an act.  These conflicting recitals, allegations and testimony are palpably confusing as to the charge of which the appellant was convicted.  The Multiple Dwelling Law is all inclusive; it makes vagrancy in such cases criminal, defines what constitutes the offense and how its violation is punishable.  The legality of the commitment here is challenged

by the appellant who contends that, under the Multiple Dwelling Law, the court had no power other than to commit the convicted defendant to the county jail for a term not exceeding six months as provided in section 350 of said statute. Whether this section supersedes section 89 of the Inferior Criminal Courts Act, or whether section 226 of the State Charities Law is not applicable, as claimed by appellant, it is not now necessary for us to decide. These and other questions raised in the matter of sentence are serious and debatable. (See *People* v. *Rosenkrantz*, 123 Misc. 335, 338.)

At page 37 of the stenographer's minutes, the court appears to have indicated what his judgment was with respect to the credibility of the proposed witness Rose Stern, to produce whom the defendant's counsel requested an adjournment after the amendment of the complaint in order to show that she (Stern) was never allowed by the defendant to use the room for the purpose of committing an act of prostitution. The minutes read as follows: " Mr. Mirabeau: That is all. I would like to get that adjournment to get the Stern woman. The Court: What do you expect to prove by her? Mr. Mirabeau: I expect to prove that this woman never allowed her to use that room. The Court: I will not believe that. Mr. Mirabeau: I am telling you only what I would expect to prove. The Court: I don't think that you will find her. I think it is useless." This is clearly prejudicial and constitutes reversible error, and in the interest of justice a new trial must be ordered herein.

Furthermore, we think it was improper for the magistrate to allow the complaining officer, he being only a witness, to cross-examine another witness. Such a practice seems to have grown up, according to some of the records which have come to our notice in other cases, and we regard it as violative of our laws to permit any one not a lawyer to exercise such privilege, unless he is a party defendant when he is within his right to examine and cross-examine witnesses.

Judgment of conviction reversed on the law, the facts having been examined and no errors found therein; new trial ordered to take place in the Magistrates' Court March 23, 1931.

All concur; present, FRESCHI, SALMON and HEALY, JJ.