THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FORREST WOOD, Appellant.

County Court, Broome County, April 3, 1934.

67

*John J. Cucci*, for the appellant.

*Frank L. Wooster, District Attorney [Walter H. Parker* of counsel], for the respondent.

MacCLARY, J. The defendant above named was convicted in the Justice Court of the town of Dickinson for the alleged violation of an ordinance adopted by the board of supervisors of Broome county, N. Y., on June 3, 1931, pursuant to the authority granted to such board by section 40-c of the County Law of the State of New York, as added by chapter 139 of the Laws of 1931.

The ordinance so adopted by said board of supervisors and under which the said conviction was had reads as follows:

" Ordinance regulating the place for dumping or accumulation of dismantled and abandoned motor cars, passed by the Board of Supervisors of Broome County pursuant to County Law, Section 40-c, being chapter 139 of the Laws of 1931, 18 supervisors voting in favor of such ordinance and 11 supervisors voting against such ordinance.

" Ordinance introduced by Mr. Ainslie:

" The Board of Supervisors of the County of Broome duly convened in regular session, does hereby ordain and enact pursuant to Section 40-C of the County Law, being Chapter 139 of the Laws of 1931, as follows:

" No person, copartnership, association or corporation shall maintain or operate or allow to be maintained or operated, a place for dumping or accumulation out of doors of dismantled, abandoned or worn out motor vehicles and parts thereof, within the county of Broome, outside of incorporated cities and villages unless:

" (1) Such place shall be located at least three hundred feet from a public highway and at least one hundred feet from any building used as a residence, gasoline station, public building, industrial or manufacturing plant, or any building used as a place of business, and

" (2) That such place shall be completely enclosed on all sides by a solid board fence of at least six feet in height, and

" (3) All motor vehicles and parts thereof shall be piled neatly and so as to eliminate all fire hazards and cared for in such a way so that no unpleasant odors shall arise therefrom, and

" (4) Without first obtaining a license from the said Board of Supervisors who hereby reserve the right to refuse or revoke the same, after a hearing shall be had thereon. The fee for such license shall be $50.00 for a year or any portion thereof, and such license shall run until the first day of January following the granting of same, and

" (5) No license shall be issued to a person other than a citizen of the United States, and

" (6) The Board of Supervisors of the said county, its agents, or the sheriff of said county shall have the right to investigate and inspect such grounds at all times and all such motor vehicles or parts thereof, and

" (7) That any person violating this ordinance shall be liable to a fine of not more than $50.00 or imprisonment of not more than thirty days, or both.

" This ordinance shall take effect thirty days from the passing thereof."

The complainant against the defendant was Arlington B. Thatcher, a deputy sheriff of the county of Broome, appointed by and responsible to Charles W. Kress, sheriff of Broome county, who conducted the direct examination of witnesses for the People, cross-examined the defendant's witnesses and the defendant himself and the said Charles W. Kress also testifying in the case on behalf of the People. The case was tried before a jury and the defendant was found guilty of said charge and was sentenced by the court to pay a fifty-dollar fine and sentenced to thirty days in the Broome county jail and execution of the jail sentence to be withheld upon his removing said automobiles and other parts from the place where he operated his said business. The defendant paid the fifty-dollar

fine, and by consent of all parties execution of the said sentence of thirty days in jail was withheld until the determination of this appeal.

The defendant had been operating his place of business within the county of Broome and outside the incorporated cities and villages thereof for some time prior to the adoption of said ordinance and to his arrest and conviction for the alleged violation thereof.

The defendant in his appeal herein alleges several errors and asks that the defendant's conviction be reversed and the complaint dismissed.

The first point relied upon by the defendant was that the defendant was not entitled to a jury trial, and the trial court erred in granting such trial by jury. This is undoubtedly a correct statement of the law, for the proceeding was for the violation of an ordinance and not a State law. However, the defendant should not complain of an advantage which he doubtless desired for the trial court would doubtless have not had a trial by jury had his attention been called to the law which applied. Therefore, it is believed that such point is without particular merit in arriving at a determination of the appeal.

The defendant also contends that it was contrary to law and reversible error to allow Charles W. Kress, sheriff of Broome county, to prosecute the case, and this contention merits some discussion.

Section 473 of the Judiciary Law of the State of New York, as amended by chapter 882 of the Laws of 1923, reads as follows:

" § 473. Constables, coroners, criers and attendants prohibited from practicing during term of office. A constable, coroner, crier, or attendant of a court, shall not, during his continuance in office, practice as an attorney or counsellor in any court, nor shall a sheriff, under-sheriff, deputy-sheriff, or sheriff's clerk so practice in the county in which he is elected or appointed."

The People claim that the provisions of this section do not apply to proceedings in Justice Court and in support of their contention cite the following cases: Fox v. Jackson (8 Barb. 355); Flint v. Van Dusen (26 Hun, 606); People ex rel. Allen v. Murray (2 Misc. 152), but attention is called to the fact that the Fox v. Jackson case was decided in 1850, the Flint v. Van Dusen case in 1882, the Murray case in 1893, and section 473 of the Judiciary Law, which was derived from the Code of Civil Procedure, section 62, was adopted by the Legislature of the State of New York in 1909, and the last amendment thereto was by chapter 882 of the Laws of 1923 as above quoted.

While the cases cited by the People set forth the well-known rule that there are no attorneys in Justice Court in the sense in which that term is used in courts of record, yet a simple reading of the

statute would indicate the intention of the Legislature to include Justice Courts, for such statute referred to prohibits the practice as an attorney in *any court* of the officers therein mentioned. Surely a Justice Court, which is a Court of Special Sessions, is as much of a court as a court of record except in so far as it is limited in its jurisdiction or procedure by statute.

While it is legally permissible for a party himself to prosecute or defend in any court in person, even including courts of record, yet it would seem that a different rule would apply where the one prosecuting the case in the court was not the complainant, and that is the situation in this case, for it appears that Arlington B. Thatcher was the complainant and Charles W. Kress the prosecutor.

In *People* v. *James* (150 Misc. 390), a recent case, decided January 29, 1934, by Judge O'Connor, county judge of Delaware county, an interesting discussion is had and a conclusion reached with which I concur. Such case was quite similar to the case at bar, for in that case the information was made before the magistrate by a game inspector, and the case was prosecuted before the magistrate by a district inspector for the Conservation Commission. In that case Judge O'Connor's conclusion was, from the authorities which he had studied, that where a trial is conducted by a person who is forbidden to conduct the trial of the same it renders the judgment void. (See, also, *People* v. *O'Neil*, 139 Misc. 529.)

By reason of the fact that this case was prosecuted by Charles W. Kress, sheriff of Broome county, who actively conducted the trial of the issue before the Justice Court and jury, and the court being of the opinion that he was prohibited and forbidden to conduct the same by the provisions of section 473 of the Judiciary Law and sections 270 and 271 of the Penal Law, as now existing, leads the court to the opinion that such was the intention of the Legislature in enacting said section 473 of the Judiciary Law and said sections of the Penal Law and, therefore, the judgment rendered in this case was and is void, if for no other reason.

As a further error the defendant complains that the ordinance under which the defendant was tried and convicted is invalid and this presents some interesting and serious legal questions.

*First*, the defendant claims that the said ordinance is discriminatory for the reason that subdivision 5 thereof provides that no license shall be issued to a person other than a citizen of the United States. With this contention on the part of the defendant the court is not in agreement, for the reason that he does not believe that it is in violation of section 1, article 1, and section 6, article 1, of the Constitution of the State of New York, or the 14th Amendment of the Constitu-

tion of the United States. This opinion is fortified by the case of *People* v. *Crane* (214 N. Y. 154), in which case Judge CARDOZO wrote the opinion. This opinion is further strengthened by other cases which have been decided by the higher courts both in the State of New York and elsewhere, reference being made to *People ex rel. Einsfeld* v. *Murray* (149 N. Y. 367).

The next contention on the part of the defendant is that subdivision 1 of the ordinance, which provides that the place of business shall be located at least 300 feet from a public highway and at least 100 feet from any building used as a residence, gasoline station, public building, industrial or manufacturing plant, or any building used as a place of business, is unconstitutional and made performance on the part of the defendant impossible, for the reason that the plot of ground upon which his business was conducted was only 200 feet in depth and, therefore, within 300 feet from a public highway.

If the ordinance in question is to be upheld at all, it must be done upon the theory of police power, and this court is of the opinion that the ordinance involved herein is not the result of a valid exercise of the police power.

While the court realizes that the police power is very broad and that it is difficult, if not impossible, to definitely fix its bounds, it nevertheless has its limitations. Broadly speaking, police power is the inherent power within constitutional limits to enact laws to promote the order, safety, health, morals and general welfare of society. In the case at bar the business of maintaining a place for the dumping or accumulation of dismantled and abandoned motor cars is a common business occupation and lawful in itself, and such that it does not require the exercise of any special skill, and as to such occupation the scope of police power is confined to the enactment of regulations to promote the public health, safety and welfare. (*People* v. *Beattie*, 96 App. Div. 383; *People* v. *Ringe*, 125 id. 592; *People* v. *Gillson*, 109 N. Y. 389.)

There can be no serious contention on the part of the People that the type of business in question requires any special course of study, training or experience to protect the public interests. The ordinance may not be justified on the theory of public health, public safety or public welfare. A business or occupation that is innocent in itself and has no effect necessarily injurious to the public welfare, may not be suppressed or prohibited in order that a statute or ordinance may be sustained. As to exercise of police power, the courts must be able to see that the enactment has for its object the prevention of some offense or manifest evil, or the preservation of the public health, safety or welfare and that there is some clear,

real and substantial connection between the assumed purpose of the enactment and the actual provisions thereof and that the latter do in some plain, appreciable and appropriate manner, tend toward the accomplishment for which the power is exercised. The mere restriction of liberty or of property rights cannot of itself be denominated " public welfare " and treated as a legitimate object of the police power.

The court is not unmindful that in the exercise of police power a municipality may regulate the transaction of business in such places or manner as to constitute a nuisance, but it may not by a legislative fiat make that a nuisance which is not in its real nature a nuisance.

It must be remembered that the ordinance in question applies only to rural communities within the county of Broome, and has no application within cities or villages, and that an ordinance which might be valid in a city or village might be invalid if applied to all surrounding territory, exclusive of said cities or villages. The degree of danger and the means adopted to remedy the danger must be considered at all times. It may be best demonstrated by an illustration: That which might constitute a serious fire hazard within the limits of a particular city or village might be no particular hazard at all in a rural community. Generally speaking, public safety and public health are practically unaffected by the type of business involved in the case at bar, due to the fact that the ordinance applies only to rural communities. If any particular piece of property is operated in such a manner within the county of Broome as to constitute a public nuisance, the People have sufficient remedy under the penal statutes of the State to remedy the situation.

The case at bar has the most serious question as to the provision regarding the location of such grounds within 100 feet of any building used as a residence, gasoline station, public building, industrial or manufacturing plant or any building used as a place of business. In this respect the case at bar is on all fours with the case of *Matter of Jacobs* (98 N. Y. 98), wherein an act to improve public health by prohibiting the manufacture of cigars or preparation of tobacco in any form in tenement houses in certain cases was held not to be within the police power of the State. Judge EARL, writing the prevailing opinion for the Court of Appeals, said in substance: " He may go to a tenement house and finding no one living, sleeping, cooking or doing any household work upon one of the floors, hire a room upon such floor to carry on his trade, and afterward some one may commence to sleep or do some household work upon such floor, even without his knowledge, and he at once becomes a criminal in consequence of another's act."

In the case at bar a defendant might have maintained and

operated a yard for the dumping or accumulation of worn-out and abandoned motor cars for a long period of time prior to the enactment of the ordinance or he may have started to operate such a yard subsequent to the passage of the ordinance, but in either case being more than 100 feet from any residence, gasoline station, public building, industrial or manufacturing plant or any building used as a place of business, and in a day's time or a month's time, some one might build a residence or other building within 100 feet of the yard. In such a case, under the ordinance in question, the person who had been doing business for some time lawfully, at once and through no act of his own involuntarily becomes not only a criminal by violating such ordinance, which condition would create an unfair and unreasonable regulation, but also creates the possibility of his being deprived of his property rights without due process of law as guaranteed by the Constitution. It is, therefore, plain that such an ordinance arbitrarily deprives him of his property and of some portion of his personal liberty.

The constitutional guaranty that no person shall be deprived of his property without due process of law may be violated without the physical taking of property for public or private use; property may be destroyed or its value decreased; it is owned and kept for some useful purpose and it has no value unless it can be so used. The constitutional guaranty would be of no value if the Legislature, either itself or by delegation of powers, could without compensation destroy property rights or value as is contemplated by the ordinance in question.

Much support is lent to the *Jacobs* case in decisions both in the State courts and in the United States Supreme Court. Liberty in its broad sense as understood in this country means the right not only of freedom from servitude, imprisonment or restraint, but the right of one to use his faculties in all lawful ways, to live and work where he will, to earn his livelihood in any lawful calling and to pursue any lawful trade or vocation. These principles are constitutional and stated in the above language in many cases, among which are *Livestock Association* v. *Crescent City, etc.* (1 Abb. [U. S.] 388); *Slaughter House Cases* (16 Wall. 36, 106); *Bertholf* v. *O'Reilly* (74 N. Y. 509); *People* v. *Marx* (99 id. 377).

Perhaps other sections of the ordinance are arbitrary and unreasonable, but the two already specifically referred to in this decision are sufficient to obviate the necessity of discussing the other subdivisions of the ordinance. The ordinance in question is, therefore, determined by me to be invalid as being arbitrary, unreasonable and void, as a taking of property without due process of law in violation of the defendant's constitutional rights.

Doubtless, under the authority granted the board of supervisors of Broome county by section 40-c of the County Law, above referred to, it would be possible to adopt an ordinance without such objectionable features, which might be enforcible and not in contravention of any constitutional rights of those engaged in the business affected by its provisions.

For the reasons stated the conviction must be reversed, the complaint dismissed and the fine remitted.

Make and file order accordingly.