INSTITUTE OF THE METROPOLIS, INC., Appellant, v. UNIVERSITY OF THE STATE OF NEW YORK, a Domestic Corporation, JAMES BYRNE and Others, Constituting the Regents and the BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondents.*

Third Department, November 11, 1936.

* Affg. 159 Misc. 529.

*Simon H. Braunstone* [*Joseph G. M. Browne* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Dorothy U. Smith, Assistant Attorney-General,* of counsel], for the respondents.

HILL, P. J. Appeal from an order and judgment dismissing plaintiff's complaint on the merits. The plaintiff is a corporation organized under the laws of the District of Columbia. For a period it has conducted a " School of Law " in this State where legal principles were taught. The complaint challenges the constitutionality of section 66 of the Education Law which provides that no individual or corporation shall advertise or transact business under the name " school of law, medicine, dentistry  *  *  *  unless the right to do so shall have been granted by the Regents in writing under their seal." The Regents have adopted a rule which provides that the right to use the name " School of Law " shall be granted only to such individuals or corporations " as satisfactorily meet the requirements prescribed by the Department for the registration of a university, college, [or] school of law."*  Plaintiff has not complied with these requirements and has not been granted the right to conduct a school of law. Its one-year course does not comply with the rules of the Court of Appeals concerning admission to the bar in this State. (Rule IV, subd. 1.) The claim of plaintiff is that its course of law will be helpful to a business man and would fit a student for the bar examination in certain States. The right to practice law is a privilege which may be granted or withheld by the People of the State. The educational standards to qualify a student to apply for that privilege are to be determined by the Legislature. The Legislature has acted in this field by enacting laws, and has also delegated certain powers, that are delegable, to the courts and to the Department of Education. Under rules made by the Court of Appeals and by the Education Department, no credit will be given in connection with admission to the bar for a course of study in an institution of the kind plaintiff conducts.

In the exercise of the police power, the Legislature must be reasonable. There must be a tendency to promote the general

welfare and the act must not be arbitrary or capricious. (*McCulloch v. State of Maryland,* 4 Wheat. 316; *People* v. *Schweinler Press,* 214 N. Y. 395.) This legislation is not arbitrary or capricious, and will tend to promote the general welfare. Use of the title " School of Law " by plaintiff would have a tendency to induce the belief that its course of study would be a step toward the legal profession. The name adopted by it should be one which indicates the field occupied. Holding this view, the questions raised concerning section 210 of the General Corporation Law and section 663-a of the Penal Law require no discussion.

The judgment and order should be affirmed.

McNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment and order affirmed, with costs.