Cohn, J.
(dissenting in part). The pertinent portion of the Education Law (§ 224, subd. 1) forbids, without a license theretofore obtained, a person, corporation or an association from conducting, a school of medicine. The name adopted by defendants clearly indicates the field occupied. The use of the name “ Chiropractic Institute of New7 York ” on the pamphlet is concededly insufficient to sustain the first count of the indictment. The Institute does not purport to be a school of medicine nor is there any representation anywhere made in the catalogue in evidence that it is. One of the purposes -of the statute is to prevent the practice of deception by use of a name such as would induce a belief that the completion of a course of study would qualify one to practice medicine. (Institute of Metropolis, Inc., v. University of State, 249 App. Div. 33, affd. 274 N. Y. 504.) Here there is no such false representation or deception.
Though the published curriculum of the school includes some subjects taught in medical or premedical schools, it does not include medicine, surgery or pharmacology. The four defendants are faculty members of the unincorporated, nonprofit association conducting the school, which it appears has been functioning with its predecessors for twenty-five years or more in the State 'of New7 York. It is apparently designed to prepare students to become chiropractors in one of the forty-four States where chiropractic has been given a legal status.
A statute such as this, vilich is penal in nature, must be strictly construed and in a manner not to embrace cases which do not clearly fall within its terms. A purely statutory offense *236 cannot be established by implication, and acts otherwise innocent and lawful do not become crimes unless there is a clear and positive expression of the legislative intent to make them criminal. (People v. Benc, 288 N. Y. 318, 323; People v. Briggs, 193 N. Y. 457; People v. Phyfe, 136 N. Y. 554, 559.) A chiropractic school excluding from its studies pharmacology, obstetrics, surgery and the use and administration of drugs and medicine and not representing itself as a school of medicine may not by implication be regarded as such. (Nelson v. State Board of Health, 108 Ky. 769.)
Accordingly, I dissent and vote to affirm as to each of the two counts of the indictment.
Glennon, J. P., Van Voorhis and Shientag, JJ., concur with Dore, J.; Cohn, J., dissents in part in opinion.
Order dismissing the indictment modified by dismissing only the second count and, as so modified, affirmed, without costs. Settle order on notice.