Irving P. Kartell, J.
This action was instituted by the landlord to evict the tenant from a three-room basement apartment. The apartment was constructed in compliance with the requirements of section 216 of the Multiple Dwelling Law. Plans were filed with the Department of Housing and Buildings and after completion of the building, a certificate of occupancy was issued covering the apartment in question.
The Department of Housing and Buildings has now placed a violation against the premises because of the occupancy of the apartment by the present tenant, a person other than a janitor and his family as limited by the provisions of subdivision 2 (par. e) of section 216 of the Multiple Dwelling Law.
The tenant interposed an answer setting up the defense that the provisions of the section limiting occupancy of the basement apartment solely to a janitor and his family is discriminatory and unconstitutional.
*398 The .constitutionality of the Multiple Dwelling Law has been upheld as a proper exercise of the police power of the Legislature. The court has been unable to find any decisions dealing ■ with the constitutionality of the specific section involved herein. The cases of Nordred Realties v. Langley (169 Misc 659, affd. 279 N. Y. 636) and Six-Ten Corp. v. Oppell (186 Misc. 628) do not concern themselves with the question of the constitutionality of the section itself and are inapplicable.
The Multiple Dwelling Law was enacted in the public interest and its purpose, as set forth in section 2 of the law, is in essence, to protect the health, safety, morals, welfare and reasonaible comfort of the citizens of the State and for the maintenance of proper housing standards requiring sufficient light, air, sanitation and protection from fire hazards.
The court finds no difficulty in holding that the general .purpose of section 216 and its subdivisions as relate to the specifications to be used in the construction of a basement apartment dealing with the proper housing safeguards, sanitation and light, are in furtherance of the aims expressed by the ■ Legislature. However, the specific provision of paragraph e of subdivision 2 limiting the use of such a basement apartment solely to a janitor and his family presents another problem.
In order to sustain a statute or ordinance as a valid exercise of police power, its object must be prevention of offense or manifest evil or preservation of public health, safety or welfare. There must be a clear rule and substantial connection between the assumed purpose and the actual provisions of the law, and such provisions must tend towards accomplishment of such purpose in plain, appreciable and appropriate manner (People v. Wood, 151 Misc. 66). “ In the exercise of the police power, the Legislature must be reasonable. There must be a tendency ■to promote the general welfare and the act must not be arbitrary or capricious.” (Institute of Metropolis v. University of State of N. Y., 249 App. Div. 33, 34-35. See, also, People v. Gage, 179 Misc. 638.)
The motives of legislative bodies in enacting law must be found in the law itself. (Matter of Mitrus v. Nichols, 171 Misc. 869.) The mere use of the words “ janitor ” or “ basement”, do not in and of themselves conjure up a possible public nuisance or evil to justify an arbitrary discrimination.
When the Legislature saw fit in the exercise of its police powers to provide for a resident superintendent under necessary circumstances, section 83 of the Multiple Dwelling Law *399 was enacted. There is nothing in section 83 which in any way designates the apartment in which the superintendent must reside. Subdivision 5 of section 216 of the Multiple Dwelling Law deals with the basement apartments that were not Constructed under the rigid requirements of section 216 and is inapplicable in the present proceeding.
If the court were to find that the basement apartment in question is a substandard one, and therefore justifies the constitutionality of the provision limiting the use of the apartment, then the court would of necessity by inference also have to find that, the Legislature intended that the superintendent and his family could live in a substandard apartment. This, the court cannot do. The only consideration is the safety and welfare of the occupants regardless of their occupation. All safety standards have been carefully enumerated by the Legislature in section 216 for a basement apartment and it is obvious from these fine specifications that the apartment in question ■ adequately meets proper housing standards for human habitation, superintendent or otherwise.
It is interesting to note that the Governor in his message to the Legislature on approving the amendment which added subdivision 5 to section 216 of the Multiple Dwelling Law in 1953 reached a similar conclusion when he stated in part as follows: ‘1 It must be conceded that the standards of this bill are not of the same high [emphasis ours] level as those of Section 216 of the Multiple Dwelling Law.”
The court feels that a motivating factor which may have influenced the Legislature in providing the restriction under section 216 of the Multiple Dwelling Law was the old accepted custom or concept wherein the servant did not attain the social standard of his master and was required to live separate and apart. It is needless to point out that such a distinction is untenable in our present way of life.
The court is not unmindful of the judicial opinions holding that the constitutionality of an act should not ordinarily be set aside by a court of limited jurisdiction. However, where, as in the present instance, the consequences may be severe and the damage irreparable, such a hesitation by the lower court should not be entertained.
With the present shortage of apartments and the fact that a final order issued in favor of the landlord would of necessity direct the issuance of a warrant evicting the tenant, the court cannot hesitate to declare that so much of subdivision 2 (par. e) *400 of section 216 of the Multiple Dwelling Law as directs that the basement apartment created thereunder should be occupied by a superintendent and his family only, is discriminatory and unconstitutional.
Final order is made in favor of the tenant dismissing the landlord’s petition, with costs of this proceeding.